· T. W. HOUSE ET AL. v. J. M. ROBERTSON.

No. 443.—Decided June 15, 1896.

1. **Execution Sale—Irregularities.**

   The issuance of execution on a judgment for costs in the Supreme Court before the adjournment of the term is an irregularity, but is not sufficient to make void a sale under such execution. (P. 686.)

2. **Same—Levy—Description of Land.**

   See opinion for description of tract of land in return of levy of execution held not so indefinite as to avoid the sale. (Pp. 686, 687.)

3. **Same—Setting Aside—Inadequate Price with Irregularities.**

   A tract of 160 acres of land, admitted to be worth $800, was sold under execution for $25. The gross inadequacy of price, coupled with irregularities in the proceedings,—issuance of execution before adjournment of the term, indefinie, but not wholly insufficient description of the land in the levy, and failure of the levy to specify which of several defendants it was, whose interest was seized,—were sufficient to require setting the sale aside. (Pp. 687, 688.)

**4. Same—Undisputed Facts—Controlling Verdict.**

The facts being undisputed, and leading to but one conclusion, leaving no room for difference of opinion, the trial court should have instructed the jury to return a verdict disregarding the title acquired at such sale; and it was proper for the appellate court, in reversing a judgment obtained by defendant on the strength of such title, to render judgment for the plaintiff. (P. 689.)

**5. Setting Aside Sale—Return of Purchase Money.**

A plaintiff seeking to set aside a voidable execution sale must ordinarily tender back the purchase price which has gone to discharge his debt; but the rule is not unvarying, and courts may protect the defendant by suspending, in their decree, the writ of possession until the money is paid. But—since plaintiff is entitled to offset the rents of the land while in defendants possession against such claim for return of purchase money—where such price was only $25, and defendant had enjoyed for five years possession of 600 acres of land purchased therefor, he should account for the rents, if thought to be less than the purchase money, and in case of his failure so to do the omission of plaintiff to tender return of such purchase money would be no obstacle to his recovery. (Pp. 688, 689.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from District Court of Bosque County.

The suit was brought by House et al. against Robertson et al., to recover a tract of land which defendants claimed and to set aside an execution sale of plaintiff's title. The sale was sustained and defendants had judgment, which the Court of Civil Appeals affirmed on appeal by plaintiffs, who then procured writ of error. The facts appear in the opinion.

*Z. T. Fulmore* and *S. R. Caruth,* for plaintiff in error.—The execution under which this land was sold in 1884 at sheriff's sale was illegal and void, because it was issued before there was any final judgment in the cause in the Supreme Court, and before any mandate was issued. Under the law as it existed at the date of the judgment and issuance of the execution, the Clerk of the Supreme Court had no authority to issue an execution for costs before there was a final judgment and before a mandate was issued; and as said court had not adjourned when the execution issued, the judgment was not final. Rev. Stats., arts. 1049 and 1850; Freeman on Executions, sec. 16, and authorities there cited.

A levy which fails to state whose property is levied upon, to give the number of acres levied upon, the name of the survey levied upon, or any other fact which will of itself reasonably identify the land levied upon, is void. Meuley v. Ziegler, 23 Texas, 88; Beze v. Calvert, 20 S. W. Rep., 1130; Wofford v. McKinna, 23 Texas, 36; Leland v. Wilson, 34 Texas, 79; Pfeiffer v. Lindsay, 66 Texas, 123; Allday v. Whitaker, 66 Texas, 670; Murray v. Land, 27 Texas, 90; Norris v. Hunt, 51 Texas, 610, 612; Mitchell v. Ireland, 54 Texas, 305; Wooters v. Arledge, 54 Texas, 395; Coker v. Roberts, 71 Texas, 601, 602; Cleveland v. Sims, 69 Texas, 153; Terrell v. Martin, 64 Texas, 125.

The title of a purchaser of land at sheriff's sale must rest upon a valid judgment, levy and execution sale, and payment of the purchase money; and as the appellee's title does not rest upon these, his title is void. Donnebaum v. Tinsley, 54 Texas, 362; Pfeiffer v. Lindsay, 66 Texas, 126; Fleming v. Powell, 2 Texas, 225; Baker v. Klepper, 26 Texas, 629.

The fact that the beginning point of the description of the land sued for was at the northeast corner of the "Wiley Hunter" survey, while the levy showed a tract beginning at the northeast corner of the "Urley Hunter," constituted the latter, if the levy was admissible at all, a patent ambiguity, which could not be aided (and was not attempted to be aided) by parol, and it was therefore inadmissible. Wofford v. McKinna, 23 Texas, 36; Beze v. Calvert, 20 S. W. Rep., 1130 and authorities there cited.

The purchaser's title at execution sale does not°depend upon the officer's deed, but on the regularity of each step (including a levy which describes the land with sufficient certainty) required by law of the officer making the sale.

The sheriff can convey by his deed only such property as was sold under execution, and he can not cure defects in the description of land by accurately describing it in his deed. Pfeiffer v. Lindsay, 66 Texas, 123.

The deed, as it does not purport in express terms to convey the interest of any person except T. W. House, should have been excluded, especially so as the levy failed to state whose property was levied upon. Greenl. Ev., sec. 50, et seq.

The consideration of $25 paid for land worth $800 is palpably and grossly inadequate, and is not a valuable consideration. Kaufman & Runge v. Morris, 60 Texas, 120; 1 Story's Eq., sec. 245; Rorer on Jud. Sales, sec. 854; Chamblee v. Tarbox, 27 Texas, 146; Allen v. Stephanes, 18 Texas, 671-2; Taul v. Wright, 45 Texas, 395; Johnson v. Crawl, 55 Texas, 571.

One of the main issues, if not the most important and vital issue in the case, being the admissibility of the sheriff's deed in evidence, it was error for the court to charge that the defendant acquired title without informing or instructing the jury as to the law applicable to each step in acquiring title, as each step was a controverted fact. Box v. Word, 65 Texas, 159; Graham v. Hawkins, 1 Posey's U. C., 514; Cox v. Harney, 1 Posey's U. C., 268; Austin v. Talk, 20 Texas, 167; Cook v. Dennis, 61 Texas, 246.

In this case the plaintiff's land was sold at sheriff's sale at a grossly inadequate price ($25, its value being $800, or less than 2 cents per acre), under an execution issued before there was a final judgment authorizing it, and under a levy which did not describe the land, and which therefore could give no proper notice to intending purchasers, under circumstances having the appearance of unfairness and fraud; hence it should be set aside. Kaufman & Runge v. Morris, 60 Texas, 120, et seq.; Taul v. Wright, 45 Texas, 395; Hancock v. Metz, 15 Texas, 210; Howard v. North, 5 Texas, 290, etc.

*Jas. A. Gillette* and *Jas. M. Robertson,* for defendant in error.—The execution under which the land was sold in 1884 by the sheriff was regular on its face, issued from a final judgment, and was issued with full

authority of law. Sayles' Rev. Civil Statutes, art. 1058; Bonner v. Wiggins, 54 Texas, 149; Railway v. Hume, 30 S. W. Rep., 863.

The court did not err in permitting defendant in error to read in evidence the levy on the execution, because it described the land in controversy, and the levy being on the back of the execution, and on the same paper, must be construed together in the sense in which the assignment of error is made. Coffee v. Silvan, 15 Texas, 354; Smith v. Crosby, 4 Texas Civ. App., 251; Holmes v. Buckner, 67 Texas, 107; Cavanaugh v. Peterson, 47 Texas, 197; Wilson v. Swasey, 20 S. W. Rep., 48.

The title of a purchaser at a sheriff's sale does not rest upon the levy or the return upon the execution, and is not effected by any mere want of certainty in the levy or return made by the officer, but a purchaser is bound only to show a valid judgment, execution and sheriff's deed, or in lieu of the deed show payment of the purchase money. Coffee v. Silvan, 15 Texas, 354; Riddle v. Bush, 27 Texas, 675; Cavanaugh v. Peterson, 47 Texas, 197; Fitch v. Boyer, 51 Texas, 336.

It is the duty of the court in his charge to instruct the jury as to the legal effect of written evidence. Every single paper offered in evidence by defendant, appellee, had been plead by appellants, and the admission in evidence of these papers when offered by defendant, appellee, was a question for the court to pass upon, and one with which the jury had nothing to do. San Antonio v. Lewis, 9 Texas, 69; Allen v. Koepsel, 77 Texas, 505; Ivey v. Williams, 78 Texas, 685; Collins v. Ball, Hutchings & Co., 82 Texas, 259.

The sale of a tract of land worth $738 for $25, where the purchase is made by an entire stranger, and one who would be an innocent purchaser from the parties themselves, is a valid sale and for a valuable consideration, where suit is not brought to set the sale aside until ten years thereafter, and no tender is made of the original purchase money, and no fraud or irregularities, even slight, shown in the record. Bordages v. Higgins, 1 Texas Civ. App., 43; Bowers v. Chaney, 21 Texas, 363; Boggess v. Howard, 40 Texas, 153; Ayers v. Duprey, 27 Texas, 593; Rippetoe v. Dwyer, 49 Texas, 498; Haskins v. Wallet, 63 Texas, 213; Holmes v. Buckner, 67 Texas, 107; Jones v. Pratt, 77 Texas, 210. The most careful attention of the court is invited to each of the above authorities, and especially the first and last cases. In the last case cited Judge Henry gives the reasons in full for holding a sheriff's sale valid for inadequacy of price alone, and the first case shows a sale of property worth $1200 for $27.50 and it is held good.

Under all of the evidence in the case, had the court instructed the jury to return a verdict for defendant, it would not have been error, and if a court in its charge to the jury omits to state some of the issues made by the pleadings a special instruction should be asked. Railway v. O'Donnell, 58 Texas, 27; Ins. Co. v. Ice Co., 64 Texas, 578; Railway v. Leak, 64 Texas, 654; Harrell v. Houston, 66 Texas, 278; and many other cases of like import.

The title of a purchaser at a sheriff's sale rests upon a valid judgment

execution and sale. Leland v. Wilson, 34 Texas, 79; Flaniken v. Neal, 67 Texas, 629.

When, in trespass to try title, plaintiffs plead that they are the owners of the land therein described and entitled to the possession thereof, and specially plead a sheriff's deed under which they allege the defendant's claim, and then by allegations seek to avoid the effect of the deed, they assume the burden of proof on the issues thus made by them. Hill v. Allison, 51 Texas, 390; Dawson v. Ward, 71 Texas, 72; Sebastian v. Martin-Brown Co., 75 Texas, 291.

Where, in trespass to try title, plaintiffs plead the title of defendant link by link and charge the title of defendant to be fraudulent and void, and on the trial offer no deed and no evidence whatever other than the admission of defendant, that they had a title on a fixed day and date eleven years prior thereto and rest their case, they have failed to make out a case in toto, and judgment should be rendered for defendant. Hill v. Allison, 51 Texas, 390; Hooper v. Hall, 35 Texas, 82; Hillman v. Meyer, 35 Texas, 538.

BROWN, ASSOCIATE JUSTICE.—The plaintiffs in error brought an action in the District Court of Bosque County against J. M. Robertson and others to recover a tract of land situated in that county, being one-third of a league, but in which there is an excess, making the real amount embraced in the survey 1600 acres. The petition first sets out the cause of action, as in an ordinary action of trespass to try title, and then proceeds to set up the title of plaintiffs to the land and the claim of title under which the defendants hold, asking that the sale under execution as hereafter stated be set aside. A severance between J. M. Robertson and the other defendants was granted, and Robertson disclaimed title to 1000 acres of the land. The facts found by the Court of Civil Appeals are as follows:

It was admitted that appellants had a perfect title to the land in controversy up to the time of the execution sale on October 7, 1884, and that whatsoever title Robertson had was by virtue of the sheriff's sale of the land that took place on the above date. On the 22nd day of May, 1884, the Supreme Court of Texas rendered a judgment dismissing a writ of error in a case, T. W. House et al. v. J. F. Whitworth, and against the plaintiffs in error for all costs of the suit, and on the 19th day of June, before the adjournment of that term of the court, the Clerk of the Supreme Court issued an execution, accompanied with a bill of costs, addressed to the sheriff of Bosque County, who executed it by levying upon a tract of land in the said county, the levy being endorsed upon the execution, as follows: "Came to hand on the 23rd day of June, 1884, and executed on the 20th day of August, 1884, by seizing and levying upon a certain tract of land in Bosque County, Texas, one third of a league, beginning at the N. E. corner of a survey in name of Urley Hunter, from which a Spanish oak bears south 20 degrees west 19 varas, marked J., another bears 67 west 15 varas, marked Y.; thence

north 60 east 2834 vrs., to corner of an Elm bears north, 37 W. P. vrs., marked T., a walnut bears S., 70 E. 20 vrs., marked N.; thence south 30 E. 2940 vrs., to corner from which a live oak bears bars S. 75 east, 24 vrs., marked T., another bears south 77 vrs., marked K.; thence south 60 west 2834 vrs., to corner from which a Spanish oak bears S. 30 degrees east 19 vrs., marked H., another bears south 34 E. 21 vrs., marked L.; thence N. 30 W. (130 vrs., branches, 320 vrs., a creek) 2940 vrs. to the place of beginning."

Upon the execution was endorsed a return that the land was advertised for sale as required by law and that on the seventh day of October, 1884, being the first Tuesday of that month, the land was sold at public sale at the court house door in Meridian, to J. M. Robertson, for the sum of $25, which he paid. The sheriff executed to Robertson a deed, in which the land was described as beginning at the northeast corner of a survey in the name of Wiley Hunter, otherwise describing the land as in the levy.

In addition to the findings made by the Court of Civil Appeals, we find in the record the undisputed evidence of the defendant Robertson to be that the land at the time of the sale was worth to him about fifty cents an acre, and that the survey actually contained something over 1600 acres; that in 1884, or 1885, he leased the land to one Kingsbery, who built some sheep-sheds and pens on it which remained there until about three or four years before the trial, which was in 1895, when one Goodwin, the tenant of J. M. Robertson, took possession of the land for Robertson and held it until the trial.

There was no offer in the pleadings, nor shown in the testimony, on the part of the plaintiff in the court below, to refund to the defendant the money that he had paid in purchasing the land, and there is no proof showing what was the value of the use and occupation of the land during the time that Robertson had possession of it.

There was a trial before a jury in the District Court, which resulted in a verdict for the defendants and judgment entered accordingly, which judgment was affirmed by the Court of Civil Appeals.

The plaintiffs in error claim that the sale under which defendant Robertson seeks to hold the land is void, because (1) the execution under which the sale was made, having been issued before the adjournment of the court for the term at which the judgment was rendered, is absolutely void; (2) because the levy of the execution upon the land as endorsed upon it was void, for uncertainty in the description of the land and for other reasons. They also claim that if the sale is not void, it is voidable in this proceeding, and that the deed should be set aside because of the irregularities which occurred in issuing and levying the execution, and the inadequacy of the price at which the land was sold to the defendant.

The Court of Civil Appeals rightly held that the execution, although prematurely issued, was not void, but that the issuance before the adjournment of the court at that term was an irregularity; and also that

the levy as endorsed upon the execution, although defective, was not void, and that, for these reasons, the sale made by virtue of the execution and levy was not void as claimed by the plaintiffs. It is unnecessary for us to discuss these questions, since they are properly disposed of by the Court of Civil Appeals in an able opinion well supported by authorities.

The plaintiffs in the court below asked special instruction be given to the jury which would have submitted to them the issue as to whether the irregularities in the issuance and levy of the execution, taken in connection with the inadequacy of price, would justify setting aside of the sheriff's sale and the deed under which Robertson claimed, which instructions were refused by the court and the issue was not presented in any form in the general charge of the court. This ruling is sustained by the Court of Civil Appeals.

It is true that inadequacy of price alone is not as a rule a sufficient reason for avoiding the sheriff's sale made under a valid judgment and execution, but, when the price paid for the land at such sale is enormously inadequate and disproportioned to the value of the land sold, slight irregularities will be sufficient to justify setting the sale aside by a direct proceeding for that purpose. Allen v. Stephanes, 18 Texas, 672; Taul v. Wright, 45 Texas, 395. In the former case the price paid by the purchaser at the sheriff's sale was one-twentieth part of the value of the property sold, and the court said, "When the disproportion is so enormous as in this case, but slight additional circumstances will justify the inference that the sale was fraudulent."

In Taul v. Wright the price paid by the purchaser was more inadequate than in the former case, and in that case the court used this language, "And if the judgment is valid, though it may be impossible to determine the precise limit at which mere inadequacy of price alone will authorize the setting aside a judicial sale, still it cannot be denied that there may be cases in which the price paid is so utterly insignificant and shockingly disproportionate to the value of the property, that a court of equity cannot regard it as, in conscience, any consideration whatever, and the mere fact of attempting to hold the property so purchased will be held conclusive evidence of fraud. Certainly, when there is an enormous inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending it calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled."

In the case now before the court the price paid by Robertson for the land—1600 acres—was $25.00. The land was by Robertson valued at $800—certainly not over-valued. Thus it will be seen that the price paid was the one thirty-second part of the value of the land as estimated by the purchaser himself. It needs no argument to show that such a consideration, for this property, was enormously inadequate, and while not sufficient of itself, perhaps, to authorize the court to set the sale

aside, when taken in connection with the irregularities committed by the officers in issuing and executing the process, it must be held sufficiently inadequate to call upon a court of equity to interfere and protect the rights of the plaintiffs therein. In this case the execution was issued before the expiration of the term of the court at which the judgment was rendered, and, so far as we know, without any reason therefor. The levy endorsed upon the execution so defectively described the land as to make it difficult for a purchaser to ascertain its locality, and it did not state that the land was levied upon as the property of one or all of the defendants in execution, nor did it appear from the levy whose title or right to the land was to be sold under that process. A person desiring to purchase the land thus levied upon could not ascertain from the levy what title he would acquire by his purchase, and we think that this was a gross irregularity in making the levy and such as would affect the price for which the land would sell.

Defendant in error insists that the plaintiff's claim is a stale demand, that the undisputed evidence shows this fact; and also that the plaintiff failed to refund or offer to refund to the defendant the money paid by him for the land purchased at the sheriff's sale, which went to discharge the judgment against the plaintiffs. Stale demand does not apply to this case and it is unnecessary for us to discuss the question.

It is true that ordinarily a plaintiff who seeks to set aside a sale which is voidable, when the purchase price paid at such sale has gone to discharge a debt justly due by him, must refund or offer to refund the purchase money paid by the purchaser at such sale. Whether or not the plaintiff must make this offer in order to entitle him to the relief depends upon the circumstances of the particular case. It is not an unvarying rule; but courts of equity will protect the defendant, under ordinary circumstances, in the possession of the property, until he is reimbursed for the amount of money that he has expended in discharge of a debt due by the plaintiff; but this may be done either by requiring the party seeking the relief to pay the money in order to maintain the action, or the court may in its decree suspend the writ of possession until the money is paid. Bailey's Admr. v. White, 13 Texas, 114.

In this case it appears from the evidence that the defendant Robertson had possession of 600 acres of the land for at least five or six years. There if no proof as to the value of the rents, but the price paid was but $25; the possession was taken the next year after the purchase, and the plaintiffs had a right to have the money which they owed to the defendant on account of the purchase of the land offset by the rents of the land itself and the value of the use thereof. Burns v. Ledbetter, 54 Texas, 387. In the last case cited, the court said, "It appears from the record that Ledbetter has held the possession of the property and enjoyed the fruits and revenues thereof for several years. Burns and wife are certainly entitled to recover from him the rental value of the property during that time. We think that the case is somewhat analogous to that of a mortgagee in possession who, by the rules of equity, is re-

quired to account for the benefits derived from the use of the property, which must be placed by him to the satisfaction of the mortgage." Under the facts of this case we think that the defendant should himself, if he desired to be reimbursed for the small amount that he had paid for the land, have accounted for the rents and profits during the time that he had possession if he thought that they were of less value than the twenty-five dollars that he paid for the 1600 acres of land.

It was admitted in this case that the plaintiffs had the title to the land in controversy and were therefore entitled to recover unless the testimony was such as to show that the defendant acquired a title under the sale made by the sheriff by virtue of the execution before referred to. The evidence upon which defendant relies as a defense is without any conflict in any material point, and, in fact, so far as affects his title, wholly without any conflict. But one conclusion can be drawn from the evidence, and there remains nothing to submit to a jury. There is no question of fact in the case. The consideration is so disproportioned to the value of the land that, as a matter of law, it must be held by the court as being enormously inadequate, as expressed in the decisions, and the irregularities in issuing and executing the process, especially in the entry of the levy upon the execution, are so gross that, as matter of law, it must be held that they would affect the price for which the land would sell. It is not a question as to whether it did really affect the price in this instance or not, but the small sum for which 1600 acres of land sold appeals strongly to a court of equity as evidence of the fact that the sale was made under such circumstances as would deter persons desiring to purchase from bidding at that sale. There is no room for difference of opinion as to the effect in this instance; the evidence discloses a sufficient cause for the small price bid for the land, and this cause must be held to have produced the result of sacrificing the property. The District Court, upon the evidence before it, should have directed the jury to find a verdict for the plaintiffs, and the Court of Civil Appeals ought to have reversed the judgment of the District Court and have rendered judgment for the plaintiffs. It therefore becomes the duty of this court to enter the judgment which the Court of Civil Appeals should have rendered.

It is ordered that the judgments of the District Court and the Court of Civil Appeals be reversed, and that the sale made by the sheriff under the execution before stated and the deed of the sheriff made to the defendant Robertson be, and the same are hereby set aside, canceled, and held for naught, and that the plaintiffs in this case have and recover of the defendant Robertson the lands claimed by him, and described in his answer, and for all costs in this behalf expended.

*Reversed and rendered.*