# FIFTH DISTRICT, 1897.

---

ORIENTAL INVESTMENT COMPANY V. MAGGIE SLINE.

Delivered April 3, 1897.

1. **Corporation—Legal Existence—Collateral Attack.**

In an action for negligence, the legal existence of the defendant corporation can not be attacked upon the ground of irregularities in the manner of procuring its charter.

2. **Landlord and Tenant—Condition of Premises—Liability of Landlord for Personal Injuries.**

There is no implied obligation upon the part of a landlord that the premises are in a good and safe condition at the time they are leased; and to render him liable for personal injuries to an employe of the tenant on account of the dangerous condition of the premises, he must have been guilty of fraud or deceit in the absence of any express covenant with reference to the condition of the premises.

3. **Fellow-Servants—Hotel Chambermaid and Elevator Man.**

A chambermaid in a hotel is a fellow-servant of an elevator man employed therein.

4. **Master and Servant—Conduct of Servant—Approval of Master—Personal Injuries.**

A chambermaid in a hotel who, with the consent, approval, or direction of the housekeeper or manager who has power to employ and discharge chambermaids, uses the elevator in passing from one story to another in the performance of her duties, is not a mere volunteer who assumes the risk of the method of transit, unless she knew or had reason to believe that the housekeeper or manager had no right to allow her to use the elevator.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Philip Lindsley* and *McCormick & Spence,* for appellant.—1.  In the absence of fraud or deceit by the landlord to the tenant as to the condition of the leased premises at the date of the lease, the lease binding the tenant to keep in repair, the landlord is not liable in a suit by the employe of the tenant for an injury to the employe occurring from the defective condition of the leased premises.  Perez v. Rabaud, 76 Texas, 191; Railway v. Mangum, 68 Texas, 342; Marshall v. Head, 59 Texas, 267; Railway v. Goldman, 87 Texas, 572; Baker v. Ashe, 80 Texas, 360.

2.  Those are fellow-servants who are engaged in the service of the same master, in the same general employment, to accomplish the same end, and paid from the same common fund.  Mayo v. Tudor, 74 Texas, 471; Altgeldt v. Brister, 57 Texas, 432; Heldt v. Webster, 60 Texas, 207; Railway v. Christman, 65 Texas, 369; Railway v. Harvey, 27 S. W. Rep., 423; Dallas v. Railway, 61 Texas, 196; Railway v. Harrington, 62 Texas, 597; Railway v. Watts, 63 Texas, 549.

3.  When proper rules have been made by the master for the use of a piece of dangerous machinery in charge of one vice-principal and those under his immediate direction, a servant in another department can not violate such rules with the consent of the vice-principal of his department and hold the master liable for the resulting injury.  Such act is contributory negligence on the part of the servant.  Pinkerton v. Railway, 70 Texas, 226; Wilson v. Willimantic, 50 Conn., 453; Fay v. Railway, 30 Minn., 231; Suse v. Railway, 39 Fed. Rep., 487; Sedgwick v. Railway, 76 Iowa, 340; Railway v. Clark, 108 Ill., 113.

*Parks & Carden,* for appellee.—1.  If a landlord and tenant are jointly sued for an injury to an employe of the tenant, by reason of a defect in the machinery on the leased premises which the tenant admits was in good condition at the date of the lease, and the lease upon its face binds the tenant to keep the premises in repair, and it is alleged in the pleading of the employe and proved on the trial by the evidence that the lease was a mere sham, trick, and device, or that the landlord and tenant were one and the same person, but running under different names, for the purpose of avoiding liability arising out of the use of the tenement; or if the tenant is fictitious, there can be a recovery against the landlord, regardless of the question as to whether the premises were out of repair at the time of the execution of the lease, etc., and regardless of the question as to what the fictitious or straw tenant may admit in his pleading with reference to the condition of the premises at the time of the demise and execution of the lease.  Robinson v. State, 24 Texas, 152.

2.  The court did not err in charging the jury as follows: "You are told that, under the law, plaintiff, Maggie Sline, was not a fellow-servant with Vigness, the party operating the elevator, at the time of the accident," because there was no pleading on the part of the appellant by which to raise the issue of fellow-servants.  Railway v. Bennett, 76 Texas, 151; Murray v. Railway, 73 Texas, 2; Railway v. Murphy, 46 Texas, 363; Railway v. Cowser, 57 Texas, 302; Railway v. Johnson, 34 S. W. Rep.,

186; Railway v. Sheider, 86 Texas, 153; Railway v. Jamison, 34 S. W. Rep., 674; Pugh v. Oregon Imp. Co., 44 Pac.. Rep., 547; Railway v. Sheider, 88 Texas, 163.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Dallas County by Maggie Sline against the Oriental Hotel Company and W. J. Alden, and by amendment the plaintiff made The Oriental and Oriental Investment Company parties defendant, and later dismissed the case as to the Oriental Hotel Company. The suit went to trial against the other three defendants.

The action is for damages for personal injuries alleged by plaintiff to have been received by her in an elevator accident at the Oriental. Plaintiff charges that the hotel and the elevator therein were operated by the three defendants, and that by reason of the negligence of these three defendants the elevator was defective in construction and out of repair, and the elevator operator incompetent, in consequence of which the accident occurred and plaintiff was injured, but by no fault on her part. Because of her personal injuries and medical bills, plaintiff claimed damages in the sum of $52,000. She then charges that a release by her executed to cover any claim for damages on account of her said injuries was procured by fraud, duress, etc.; that she received no consideration for the release, except $150, which she tendered with her petition. She prayed judgment canceling the release, for her damages, and for general relief. This release and the tender were not mentioned by plaintiff within twelve months after the accident in any one of plaintiff's petitions, but in reply to answers of these appellants pleading the release, plaintiff by replication, within the twelve months, but without tender, set up the fraud and duress to avoid the release, and prayed a recovery upon that cause of action set out in her petition and for a cancellation of the release, but had no alternative prayer.

The cause was tried by a jury and a verdict returned as follows: "We the jury find for Maggie Sline against the Oriental Investment Company of St. Louis the sum of $13,000. We further find that her reasonable expenses while at the hotel to be $250. We further find for the defendant W. J. Alden and the defendant The Oriental. S. H. McBride, foreman." Judgment was entered upon this verdict, from which judgment this appeal is prosecuted. The Oriental Investment Company has alone appealed.

The case is a companion case to that of Maggie Barclay v. The Oriental et al., 16 Texas Civ. App., —, submitted at the same time and under the same argument. The plaintiffs in the two cases were injured in the same accident, and were upon the elevator at the time of the accident, under the same circumstances.. Many of the questions presented in the Barclay case and discussed in the opinion therein rendered also rise in this case, and we deem it wholly unnecessary to go over the same ground in this opinion. We therefore will discuss only questions necessary to a disposition of this case, and such as are not considered in the other opinion.

1.  The court should have sustained exceptions to plaintiff's pleadings in so far as they attack the legal existence of The Oriental, as a corporation, upon the ground of irregularities in the manner of procuring its charter, and should not have allowed evidence for the purpose of this attack.

2.  The court should have clearly submitted to the jury the issue whether The Oriental was operating the hotel under a bona fide lease from the Oriental Investment Company, and in this connection given the principles of law governing the liability of the lessor. If The Oriental was operating the hotel in good faith under such a lease, the obligation to keep the elevator in repair and operate it by a competent person, under the terms of this lease, rested upon The Oriental; and the Investment Company would not be responsible for the consequences of the failure to discharge such obligation. Under such a lease, the landlord could only be held responsible for conditions existing at the time the premises were leased, and then only when he had practiced fraud or deceit upon the tenant as to the condition of the property leased. There is no implied obligation upon the part of the landlord that the premises are in good and safe condition at the time they are leased. Perez v. Rabaud, 76 Texas, 191; Railway v. Mangum, 68 Texas, 342; Marshall v. Head, 59 Texas, 267.

3.  It was error in the charge to instruct the jury that the plaintiff was not a fellow-servant of Vigness, the person who operated the elevator. Our statute, Revised Statutes, article 4560b, limiting the doctrine of fellow-servant, only has application to railroad employes, and does not govern this case. Under the general principles of fellow-servant, as announced in Railway v. Welch, 72 Texas, 299, the undisputed facts of this case show that the plaintiff and the operator of the elevator were fellow-servants.

4.  The charge of the court was erroneous in this paragraph: "And if you find and believe from the evidence that the elevator accident by which the plaintiff was injured was caused or occasioned by reason of the fact, if you find such to be the fact, that the elevator was not properly constructed, or was not furnished with machinery and fixtures that were proper and reasonably safe; or if you find that there were defects in its construction, or in its machinery and fixtures, which might have been discovered by an inspection of a competent person, then if you so find, the plaintiff would be entitled to a verdict at your hands, provided you further find that she got upon the elevator with the consent and approval and under the direction of the housekeeper."

This charge has the effect of making the defendant liable for defects in the elevator, independent of the question of the exercise of care. This point is discussed in the Barclay case, and it is unnecessary to notice it further here.

In connection with the latter part of the above charge, upon the point of the plaintiff's right to be upon the elevator, we will notice the charge wherein it is stated to the jury as a fact that plaintiff was in the discharge

of her duty when the accident occurred. The pleadings raised the issue that the plaintiff had no right to be upon the elevator, that she was a mere volunteer, and as such assumed the risk incident to riding in the elevator. This contention can not be said to have been wholly without evidence tending to support it. Under such conditions, it was the duty of the court to submit the question fairly to the jury, and they should not have been told that plaintiff was in the discharge of her duty in being in the elevator at the time of the accident.

This question is discussed to some extent in the Barclay case. It is there announced that the housekeeper having direction and control of the plaintiff, with authority to employ and discharge, plaintiff was justified in performing her duties in the manner indicated by the housekeeper. If by the direction or consent of the housekeeper the elevator was used by the plaintiff as a means of discharging her duty, then she was rightfully upon the elevator, and should not be treated as a mere licensee, unless such use of the elevator was prohibited by the managing authority of the hotel, and plaintiff knew this fact and also knew that the housekeeped had no authority to relax the rule. The managing authority having placed the housekeeper over the plaintiff, with authority to direct and control her actions, the ultimate master must be held responsible for the actions of such servant superior in authority, so long as the inferior servant in good faith relies upon the authority of the superintending servant.

5. There are other criticisms directed at the charge of the court as to its manner of stating the issues and positions assumed by the respective parties. It is claimed that plaintiff's contentions are given undue prominence, while those of defendants are not fully stated. The charge is not free from criticism along such lines.

There are no other errors which we think it necessary to discuss in this opinion.

The Oriental contends that the reversal of the judgment should not extend to it. We can not apprehend any just theory of the case, under the facts before us, which would justify a judgment for damages against the Oriental Investment Company, and the acquittal of The Oriental, and we think it would be quite unfair to the appellant the Oriental Investment Company to reverse the judgment as to it and affirm as to The Oriental. Aside from this view, such a disposition of the case would require our sanction to a judgment based upon a verdict, the theory of which does not appear to fairly arise upon the evidence.

The judgment is reversed and the cause remanded as to all parties.

*Reversed and remanded.*