## I. ROSENFIELD v. G. W. BARNETT.

### Decided April 13, 1901.

**1.—Damages—Writ of Restitution—Process Not Void.**

A writ of restitution issued in an action of forcible entry and detainer pending a motion for new trial therein, is not on that account void and subject to collateral attack, but is merely voidable, and as to the officer and the plaintiff in the writ it affords absolute protection for things done in its proper execution.

**2.—Same—Manner of Executing Process.**

The plaintiff in a writ of restitution who has not directed the manner of its execution is not liable for the unauthorized manner in which the officer may have executed it.

Appeal from the County Court of Tarrant. Tried below before Hon. M. B. Harris.

*Booty & Mayer,* for appellant.

*Martin & Smith* and *M. S. Williams,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was brought in the County Court June 21, 1900, by the appellee, G. W. Barnett, against the appellant, I. Rosenfield, and T. J. Maben, to recover damages in the sum of $720 alleged to have been done appellee in removing certain of his goods from a house occupied by him as a tenant, and owned by the appellant, I. Rosenfield. The trial before the court resulted in a judgment in appellee's favor in the sum of $99 against said Rosenfield and Maben. Subsequently appellee entered a remittitur of $24, and consented that the judgment of the County Court be so reformed as that it should read that the said "T. J. Maben go hence without day, and recover of and from plaintiff, G. W. Barnett, all his costs in this behalf incurred, and that as to said T. J. Maben the plaintiff take nothing by such judgment," but that as to appellant the judgment should be in the sum of $75. From the judgment as so reformed this appeal has been prosecuted by I. Rosenfield.

We think it "apparent of record" that the court was in error in rendering any judgment in behalf of the appellee. There is no dispute in the evidence as to the fact that appellee, as tenant, was in possession of premises owned by appellant; that on the 23d day of January, 1900, in an action of forcible entry and detainer, appellant recovered a judgment against appellee for the possession of said premises; that no appeal was prosecuted from this judgment; that on January 26, 1900, the justice of the peace rendering the judgment issued a writ of restitution, commanding the officer receiving the same (T. J. Maben) to take possession of said premises from Barnett and deliver to same to Rosenfield; that said Maben was the constable of the precinct in which said judgment was rendered, and through his deputy received the writ, no question being raised as to the form of the judgment or writ mentioned; that by

virtue of this writ on January 27, 1900, said deputy entered the premises occupied by appellee, and took therefrom the alleged damaged property, depositing the same on the sidewalk. It is insisted that the writ of restitution was void by reason of the fact that appellee, on the day upon which the judgment against him had been rendered by the justice, filed in that court a motion for new trial, which at the time of the issuance of the writ of restitution had not been acted upon. The record shows that the motion for new trial was filed upon the 23d day of January, after the rendition of the judgment, and that the same was set down for hearing for the 26th. The record of the Justice Court fails to show that it was acted upon at any time. The justice of the peace testified that he in fact overruled it the same day it was filed. Appellee, however, testified that on the 26th, after hearing of the issuance of the writ, he went to see the justice, who said that the motion for new trial had been overruled by operation of law. If we assume, however, that the rules ordinarily relating to motions for new trial and to action thereon pertain to suits of forcible entry and detainer, it could but result that the execution had been prematurely issued. This fact by no means constituted the process void. It was but voidable, at most, and not subject to attack in this collateral action. As to the officer and the plaintiff in the writ, it constituted absolute justification in its proper execution. See House v. Robertson, 89 Texas, 681; Id. (Texas Civ. App.), 34 S. W. Rep., 640; Freem. on Ex., secs. 20, 103.

It is insisted, however, that, if it be conceded that the writ authorized Maben to remove appellee's goods, it nevertheless constituted no justification for the manner in which the writ was executed. There is evidence to the effect that at the time of the removal of appellee's effects the officer executing the writ "broke up a number of things, and left the rest lying exposed to the weather," and that "it was raining and snowing when he put them out." If it be conceded that the evidence sustains the judgment as to the amount of damage done, and as originally entered against the officer, Maben, it by no means follows that appellant would be liable for the manner in which the officer executed the writ in his hands. Appellant was not present at any time at or immediately preceding the execution of the writ. It can not be pretended that appellant directed the manner of its execution. The only evidence indicating that appellant had any connection with the writ whatever is the testimony of G. R. Isbell, who testified: "That he was deputy constable under defendant Maben. That he was asked by defendant Rosenfield to get a writ and put plaintiff out of his house as quick as possible, as he had been there long enough already without paying rent. That he (witness) had the writ of possession issued, and at once went to see Barnett, and told him he had a writ to put him out of the house. He went twice, and told plaintiff he must move his goods from the house and take possession of same, and plaintiff then said, 'You know your duty, and you may go ahead and perform it.' That writ was issued on 26th, but that he waited until 27th before he, with the assistance of

two negroes, proceeded to remove all plaintiff's goods from the house, and carefully lay them on the sidewalk in front of the house. They were removed as carefully as possible, and the only breakage that he noticed was in some boards that plaintiff had attached to the house, and which were split up in taking them down. The rest were removed in good order." And that of appellant to the effect "that he told Deputy Constable Isbell that he wanted him to put him in possession and that that was all he had to do with the premises." It will be observed that the date of this direction to the deputy constable is not given. We can not assume from the mere fact that he requested that the process issue as soon as possible that he thereby intended to cause its premature issuance,—much less, to direct its execution in an unauthorized manner. The burden was certainly upon appellee in this particular. See Wells, Fargo & Co.'s Exp. v. Waites, 1 Texas Ct. Rep., 480, 60 S. W. Rep., 582.

Judgment reversed, and here rendered for appellant.

*Reversed and rendered.*