J. W. CARTER MUSIC CO. v. EVANS et al. (No. 459.)

(Court of Civil Appeals of Texas. El Paso. June 16, 1915. Rehearing Denied July, 1, 1915.)

1. EVIDENCE ☞471—STATEMENTS OF FACTS —CONCLUSION OF WITNESS.

On the issue whether a witness bought a piano from plaintiff or from a third person, testimony of the witness that she bought from the third person, and that a representative of plaintiff told her that the third person had requested him to deliver the piano to the witness, who should make payments to the representative, was not objectionable as a conclusion, but was admissible as facts for the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ☞471.]

2. APPEAL AND ERROR ☞1170—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

Where all the facts on an issue were fully developed, error in admitting testimony amounting to a mere conclusion of the witness was not reversible, within court rule 62a (149 S. W. x), and must be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

3. APPEAL AND ERROR ☞692—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE.

Where the evidence expected to be elicited from a witness is not set out, and the court on appeal does not know what the testimony would have been, error in excluding it was not shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. ☞ 692.]

4. EVIDENCE ☞54—ADMISSIBILITY — RELEVANCY.

On the issue whether a person bought a piano and gave in part payment therefor another piano, the testimony of a third person that about the time of the transaction he took a piano to the person, unaccompanied by anything to show what induced the taking of the piano to the person's house, was inadmissible, under the rule that an inference on an inference cannot be proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 74; Dec. Dig. ☞54.]

Appeal from Harris County Court at Law; K. C. Barkley, Special Judge.

Action by the J. W. Carter Music Company against Maggie Evans and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Andrews, Streetman, Burns & Logue, R. H. Kelley, and M. E. Kurth, all of Houston, for appellant. Kahn & Williams, of Houston, for appellees.

WALTHALL, J. The J. W. Carter Music Company, a corporation, sued Maggie Evans and her husband, Al Evans, and Mrs. Moses D. Cohen and her husband, Moses D. Cohen, seeking a recovery against Maggie Evans upon a note for $195, interest, and attorney's fees, alleged to have been executed and delivered by Maggie Evans to plaintiff, and against all defendants for foreclosure of a chattel mortgage lien reserved in said note on a piano; Cohen and wife having taken possession of the piano under a claim of ownership.

Appellant's contention is that it had sold to Mrs. Cohen a new piano for $650 on partial payments of $25 per month and had taken her old piano, the one in question, as a first payment on the sale, and thereafter sold the old piano to Maggie Evans for $200 on installments of $5 each month, expressed in the note and mortgage sued on. The Cohens pleaded that they owned the piano in question and had sold it to Maggie Evans for $175, to be paid in $5 installments, but had not delivered it at the time hereinafter mentioned; that the J. W. Carter Music Company, through J. W. Carter, was attempting

to sell to them a new piano, and for that purpose proposed to deliver it to them for trial, and did put a piano in their house over their protest, and that, on Mrs. Cohen's statement that she had one piano and no room for two, and being informed that they had sold the old piano to Maggie Evans, proposed to deliver the old piano to Maggie Evans without cost to her or to Maggie Evans, and this she (Mrs. Cohen) permitted him to do, but they allege that they did not buy the new piano from Carter, or the J. W. Carter Music Company, nor sell the old piano to him, nor assign any debt of Maggie Evans to him or his company, or authorize him to sell to or collect any money from Maggie Evans. Mrs. Cohen pleaded that she was at all times the wife of Moses D. Cohen, with whom she was then living, and that, if she signed any instrument purporting to be a contract of any kind assigning to plaintiff the indebtedness due from Maggie Evans, her husband did not join her in executing it, and that it was not executed in payment of any necessaries furnished herself or her children, or for expenses incurred by her for the benefit of her separate property, nor for any other purpose for which the law permits her to incur debts separate and apart from her husband.

Maggie Evans, in similar language, pleaded her marriage with Al Evans, that her husband was not a party to the note or mortgage lien and knew nothing of it, that the note and mortgage were not for necessaries, etc., and they were therefore void as to her. She pleaded that the note and mortgage was obtained by fraud, in that she had previously purchased the piano of the Cohens for $175 on similar installments, and that when J. W. Carter brought the piano to her house he stated to her that he wished her to sign an instrument which he represented to be a receipt for the delivery of the piano from Mrs. Cohen; that Mrs. Cohen had bought a new piano from him, and had agreed that the payments should be made to him, and that the instrument he was then requesting her to sign had been approved by Mrs. Cohen; that she could not read, and trusted and relied on what he (Carter) told her as to the character of the instrument, etc.; that as soon as she informed Mrs. Cohen of the transaction, and that she had paid $5 on the piano to Carter, Mrs. Cohen then instructed her to make all other payments to her, as she had agreed to do.

Appellant further pleaded, by way of supplement to the Cohen answer, that Mrs. Cohen represented the piano sued for to be her sole property; that at the time said representation was made her husband was present and made no objection, but acquiesced in the statement made; that all of the transactions relative to the note sued on and the execution of the bill of sale by Mrs. Cohen to the J. W. Carter Music Company transpired subsequent to August 3, 1913.

The case was tried before a jury in the county court at law, and submitted on special issues. Upon answers to such special issues, judgment was entered for defendants.

[1, 2] The appellant in its first assignment asserts error to its prejudice in the admission over objection of the following evidence by Maggie Evans:

"All I know about this transaction is that I bought a piano from Mrs. Cohen, and Mr. Carter told me that Mrs. Cohen had him bring the piano and deliver it to me, and I asked him about the payments I was going to make to Mrs. Cohen, and he said, 'You make the payments to me.' That was right at the time he delivered the piano. I says, 'I have no money to-day, but will make a payment on Saturday,' and he said that was all right; so I made my payment on Saturday. I paid him $5 at the store there. Mr. Carter had an instrument for me to sign. I can't read or write. He told me, when he delivered the instrument, that he wanted me to sign that paper to let Mrs. Cohen know that he had delivered the piano, and he further said that I had to pay him; that he had made it all right with Mrs. Cohen for me to pay him."

It is claimed that, as the question of whether or not Maggie Evans had purchased the piano in controversy was the vital issue in the case, it was reversible error for the court to permit her to testify that she did not buy it from plaintiff and that plaintiff did not sell it to her; the facts stated being conclusions of law. It is true, as claimed by appellant, that the question as to whether Maggie Evans purchased the piano from appellant was a question at issue in the case for the jury to determine, was submitted as one of the issues, and on which the jury made a finding; but it seems to us that the issue has not the importance as being vital to any result. Again, we do not construe the statement of the witness as meaning to give or having the result as giving her opinion or conclusion from the facts stated that the transaction did not have all of the necessary elements to constitute a contract of purchase by her, or a sale by appellant to her of the piano, but rather, from her understanding, of what took place. She did not buy the piano from Carter, as she had already bought it from Mrs. Cohen, and that she so understood Mr. Carter, from what he said to her as to the transaction then had with him. Her statement could not be construed to conclude the fact as to whether the transaction amounted to a sale to her of the piano. But, however that may be, all of the facts bearing upon the issue of the sale of both pianos were fully developed on both sides, and if the evidence objected to was subject to the objection made, its admission could not be regarded as reversible error. Rule 62a (149 S. W. x). The assignment is overruled.

We are of the opinion that the vital question in the case is whether appellant had such ownership, interest, or control over the piano as to authorize it, through Carter, to make a sale of it to Maggie Evans, so that the consideration for it in the sale could constitute the consideration expressed in the

note and mortgage sued on. If Mrs. Cohen did not as a fact sell the piano to appellant, it had no interest in it to sell to Maggie Evans. The jury found that Mrs. Cohen did not sell the piano to appellant, and that one issue, it seems to us, if properly presented, concludes every other one.

[3] The second assignment is based on the exclusion of the testimony of a witness from another music store to the effect that Mrs. Cohen "had dealt with said witness respecting the purchase from his store of a piano," immediately subsequent to the conversation and transaction between Mrs. Cohen and J. W. Carter. The evidence expected to be elicited from the witness is nowhere set out, and we do not know what the testimony would have been. The court was not in error in excluding it. To say the most of it, it could only have been heard as contradictory of the statement of Mrs. Cohen that, in the conversation at the house about the purchase of a piano, her husband had said to Carter that they were not in the market at that time for a piano. Appellant, in its bill of exceptions, makes a quotation from Mrs. Cohen's evidence to which the excluded evidence of the witness would have reference, and, from the evidence quoted, the above is the only feature of her testimony to which it could relate. It is not claimed that the witness was present at the conversation and would deny that her husband made such remark to Carter. The evidence was wholly irrelevant, and the assignment is overruled.

[4] The third assignment is to the exclusion of the statement of a witness to the effect that "shortly prior to and after the execution by defendant Mrs. Cohen of the $650 note in favor of plaintiff he (witness) hauled to the home of Mrs. Cohen a piano from the respective place of business of plaintiff's witnesses," and offered as a circumstance on the question as to whether Mrs. Cohen intended to buy a piano at the time plaintiff claims she did buy the $650 piano. It is not shown that Mrs. Cohen in any way induced the hauling of a piano to her house, or why it was hauled there. It was foreign to the issue as to whether Mrs. Cohen did really buy the $650 piano, and, if she did, then, did she give in part payment for it, the piano in question? If the evidence offered had been heard, the only effect it possibly could have had would be to create an inference, first, that Mrs. Cohen had directed it to be sent to the house; second, that if she would have a piano sent to the house, it was her intention to buy a piano; and, third, if it was her intention to then buy, she must have made the purchase of the piano from appellant, and, if she did, she must have sold appellant the old piano in part payment. An inference on an inference is beyond the rule of the admissibility of evidence. St. Louis S. W. Ry. Co. of Texas v. McIntosh & Carlisle, 126 S. W. 692; Mis-

souri, K. & T. Ry. Co. of Texas v. Byrd, 124 S. W. 738. The assignment is overruled.

In addition to what has been said on the questions raised by the assignments, it might be remarked that the undisputed evidence showed that Maggie Evans at the time of the making of the note and mortgage was a married woman, and there is no evidence or effort made to bring her within the rule that would make her personally liable on the note, so as to authorize a personal judgment against her, or foreclose the mortgage lien without such judgment.

We are of the opinion that the court was not in error in entering judgment for the appellees.