STANDARD REALTY CO. v. BACON et al.
No. 9051.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

Rehearing Denied June 7, 1933.

Walter Groce, Bernard Ladon, and J. Franklin Spears, all of San Antonio, for appellant.

Harry Howard, of San Antonio, for appellees.

MURRAY, Justice.

The statement of the nature and result of this suit made by appellant will be adopted by this court, which reads as follows:

"This is an appeal from a judgment of the Seventy-Third district court of Bexar county, awarding appellee J. E. Bacon damages for personal injuries against appellant Standard Realty Company, and denying a recovery against other defendants. Appellee Bacon went to trial on his second amended original petition in which he complained of appellant, Standard Realty Company, and appellees N. S. Dickinson, Buck West, and also complained of A. W. Seeligson, Conrad A. Goeth, C. M. Chambers, James N. Gallagher, and Gus Giesecke, as trustees of the San Antonio waterworks and the city of San Antonio. For cause of action appellee Bacon alleged in substance:

"That appellant was the owner of a certain building known as the Riegler Building situated on East Houston street in the city of San Antonio; that Dickinson was the lessee of said building and that Buck West was a subtenant of the premises. That the trustees of the waterworks were operating a waterworks system under the terms of a trust agreement, the terms being alleged in substance:

"That on or about the 30th of October, 1930, Buck West was maintaining his campaign headquarters on said premises and appellee Bacon was an invitee of said West on said premises. That a hallway partitioned off from the rest of the building with a doorway for use of persons going to the toilet was so constructed that light from the outside was excluded therefrom, and that a trapdoor covering the opening to the basement was located immediately inside the doorway, and when closed the trapdoor formed a part of the floor or platform over which people walked.

"That on said date appellee Bacon, while on said premises as an invitee, entered the hallway to go to the toilet; that the hallway was dark and the trapdoor had been removed by the agent, servant, and employee of the waterworks trustees, or of the appellant, thereby leaving an opening in the floor, which was unguarded, and he (Bacon) fell into same and sustained a broken leg and other injuries.

"That appellant, Standard Realty Company, was negligent, (1) in not providing said trapdoor with hinges, (2) in permitting the hinges to become rusted and broken, (3) in failing to provide proper lighting in said hallway, and (4) in not providing a guard railing to prevent persons from falling. That each defendant was negligent in not providing a light in said hallway.

"That the porter or janitor of said premises removed the trapdoor, thereby creating a danger of persons falling into said opening, and that the janitor was negligent in failing to warn Bacon of the danger.

"Bacon further alleged that the porter was the agent, servant, or employee of appellant, Standard Realty Company, or appellee N. S. Dickinson, or Buck West. That, if mistaken in alleging that the porter removed the trapdoor, then same was removed by an employee of the waterworks trustees. That, if mistaken in the averment that the trapdoor was removed by an employee of the waterworks trustees, then the person so removing said trapdoor was an employee of appellant, and, if mistaken in this, that then said trapdoor was removed by the porter or janitor, and the employees of the waterworks trustees acting together. The damages were alleged to be $10,000.

"The suit was dismissed by appellee Bacon, as to Dickinson.

"The general demurrers of the trustees of the waterworks board and of the city of San Antonio were sustained.

"Appellant answered by general demurrer, general denial, and special answer that Bacon was not its invitee; that it had no control over the premises; that the duty of keeping said premises in a safe condition rested on the tenant; that plaintiff was guilty of contributory negligence; and other special defensive pleas.

"Appellee West answered by general demurrer and denial.

"The cause was tried before a jury and a verdict returned, finding that: (1) Bacon was on said premises as an invitee of Buck West at the time the injuries were sustained. (2) The trapdoor was removed by an agent, servant, or employee of appellant. (3) Appellant permitted the hinges on the trapdoor to become rusted and broken. (4) This constituted negligence, and (5) was a proximate cause of the injuries. (6) Appellant failed to provide proper lighting for the hallway, (7) which failure was negligence, and (8) a proximate cause of the injuries. (9) Appellant did not provide a guard rail; (10) such failure constituted negligence; (11) which proximately caused the injuries. (12) Appellant failed to provide a light in the hallway, (13) such failure was negligence, (14) and a proximate cause. (15) The porter or janitor failed to warn plaintiff of the danger, (16) such failure constituted negligence, (17) which was a

proximate cause of the accident. (18) The trapdoor was not removed by a servant of Buck West. (19) West did not fail to provide proper lighting for the hallway. (22) West, his agents, servants, and employees, did not fail to warn plaintiff against the danger of the opening. (25) Bacon did not fail to keep a proper lookout. (28) Bacon was not negligent in entering the hallway while the same was dark. (30) Bacon was not negligent in failing to procure a light before going into the hallway. (32) The damages were $5,000.

"S. R. I. No. 2—Bacon was not a trespasser.

"S. R. I. No. 3—Appellant invited Bacon to enter the hallway.

"On the verdict thus returned a judgment was entered in favor of appellee Bacon against appellant Standard Realty Company for $5,000, and all costs, and that the city of San Antonio, trustees of the waterworks, and Buck West go hence without day and recover all costs.

"Appellant filed its first amended motion for new trial, and the court found that the verdict was excessive and required a remittitur of $2,000, which was entered, and, after entry of such remittitur, overruled the motion for new trial, to which order appellant duly excepted, gave notice of appeal to this court, and perfected its appeal by filing supersedeas bond within the time allowed by law."

Appellant's first proposition is as follows: "The only evidence in the record tending to show who removed the trapdoor, leaving the opening through which appellee Bacon fell, being to the effect that same was removed by either an employee of appellee Buck West, or the waterworks company, and there being no evidence in the record tending to show that same was removed by either an agent, servant, or employee of appellant, the trial court should have directed a verdict for appellant, in view of the fact that the only basis alleged by the appellee Bacon upon which he could recover against appellant was that the trapdoor was removed by an agent, servant, or employee of appellant, or by agents, servants, and employees of appellant and the waterworks acting together." We sustain this proposition.

■■ The evidence is clear that the trapdoor was either removed by Buck West's porter, J. B. Brown, or by a Mexican man in the employ of the San Antonio waterworks. Appellee contends that the Mexican man was the agent of the Standard Realty Company. The only evidence supporting this contention is that Joe Frost, vice president of the Standard Realty Company, was notified that the plumbing in the building was out of fix, and that Frost promised to send a man to make the necessary repairs. To this appellee adds the inference that Frost telephoned to the water company to send a man.

To this inference is added the inference that the water company instructed Grimsinger and the Mexican man to go to the building and make necessary repairs for the realty company, and the further inference that Grimsinger and the Mexican went to the building to make the repairs for the realty company. This would clearly be the pyramiding of one presumption on another and cannot be considered as sufficient evidence to meet the requirements of Rule 12, under art. 3713, Vernon's Annotated Civ. Statutes, which provides, as follows: "The burden of proof lies on the party asserting a fact essential to his right of action or defense and put in issue by the pleadings of the adverse party." Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901; Harris v. Ry. Co. (Tex. Civ. App.) 283 S. W. 895; J. W. Carter Music Co. v. Evans (Tex. Civ. App.) 177 S. W. 1014; Fort Worth Belt R. Co. v. Jones, 106 Tex. 345, 166 S. W. 1130; Missouri Pac. Ry. Co. v. Porter, 73 Tex. 307, 11 S. W. 324; Fidelity Union Casualty Co. v. Carey (Tex. Civ. App.) 38 S.W.(2d) 169, 170.

In this case the premises where the accident occurred were owned by appellant, leased to N. S. Dickinson, and subleased by Dickinson to Buck West. When the premises were leased the trapdoor was closed, and the premises were therefore safe. There being no evidence that appellant or any of its servants, employees, or agents opened the trapdoor, no recovery under the pleadings could be had in this case against appellant. Perez v. Rabaud, 76 Tex. 191, 13 S. W. 177, 7 L. R. A. 620; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Marshall v. Heard, 59 Tex. 267.

■ Furthermore, Bacon testified that he entered the premises as an invitee of West. He did not allege that he entered any portion of the premises as the guest of or with the permission of appellant. It is well settled that the occupant and not the owner is bound, as to the public, to keep the premises in such repair that they may be safely visited by the public. Oriental Inv. Co. v. Sline, 17 Tex. Civ. App. 692, 41 S. W. 130, 131.

The trial court should have instructed a verdict in favor of appellant. Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279; Peeler v. Smith (Tex. Civ. App.) 18 S.W.(2d) 938; Id. (Tex. Com. App.) 29 S.W.(2d) 975; Guerra v. Garcia (Tex. Civ. App.) 258 S. W. 531; House v. Robertson, 89 Tex. 681, 36 S. W. 251; Pierce v. Galveston, H. & S. A. R. Co. (Tex. Civ. App.) 108 S. W. 979; Kocur v. Pawelek (Tex. Civ. App.) 268 S. W. 241; Book v. Heath (Tex. Civ. App.) 181 S. W. 491.

■ It is pointed out that the jury found, in response to special requested issue No. 3, that Bacon was an invitee of appellant when he entered the hallway where the trapdoor was located, and that, this issue having been requested by appellant, it is not now in a posi-

847

tion to complain that this issue was not supported by the pleadings. This was undoubtedly at one time the rule, but, since the amendment of article 2190, Rev. Civ. St. 1925, by the Acts of 1931, 42d Leg., p. 120, c. 78, § 1 (Vernon's Ann. Civ. St. Art. 2190), a party may now contend that an issue was not supported by the pleadings and evidence, even though such party requested the submission of the issue.

Appellee Bacon, in support of his contention that the evidence is sufficient to support the finding that Bacon was the invitee of appellant when he entered the dark passageway, cites Paternostro v. Bradley (Tex. Civ. App.) 262 S. W. 896. We feel that the Paternostro Case is easily distinguishable from this case, in that in the Paternostro Case the landlord rented several houses to different tenants and did not rent the common passages between them, but retained control over the passages himself. In the present case the appellant rented the entire building to Dickinson, and Dickinson in turn rented a portion of the building to West.

In Fleming v. Texas Loan Agency, 24 Tex. Civ. App. 203, 58 S. W. 971, 974, the court said: "The situation and construction of the premises were such that any one about the hotel was likely to use the closets. We do not think that these facts are sufficient to show that the loan agency extended an implied invitation to Benefield's guests to use the closets. It could have prevented the use only by stopping ingress thereto, and this it was not bound to do under penalty of being held, otherwise, to owe a duty to those who voluntarily used its property for their own benefit. But, even if an implied invitation is presumed, it does not aid appellants' case. A gratuitous licensee accepts with the license the risk incident to the use of it, and the licensor owes him no duty, except not to wantonly injure him, unless the licensor has expressly invited him on the premises, and failed to warn him of a hidden danger, or has allured him there by some device calculated to attract him to the spot. When one voluntarily uses the property of another without express invitation of the owner, and for his own benefit only, he assumes the risk incident to such use, and must take notice of whatever dangers exist."

The judgment of the court below will be reversed, and judgment here rendered that appellee take nothing by reason of his suit herein.

Reversed and rendered.

On Motion for Rehearing.

■ It is pointed out to us that we were in error in stating that appellant rented the entire building to Dickinson and Dickinson in turn rented a portion of the building to West. The lease between appellant and Dickinson is not in the record, although we find an order of the trial judge ordering it sent up with the record. It seems, from testimony here and there in the record, that appellee is right in his contention that the part of the building where the accident occurred was never rented to Dickinson, but was reserved by appellant for the purpose of storing fixtures, etc.

However, we do not feel that this will affect the decision reached herein in any way. As pointed out in the original opinion, there was no duty owing by appellant to furnish a lavatory or toilet to the guests of the tenant, and there was no implied invitation on the part of appellant to appellee to use the lavatory on that part of the premises which had not been rented. Thus appellee was only a gratuitous licensee when he attempted to use that part of the building not leased to West and accepted with the license the risk incident to the use of it. This is a different situation from the Paternostro Case. In that case the landlord had rented several houses and owed the duty to furnish proper approaches and passageways to such houses, and owed the further duty to keep such approaches and passageways in reasonably safe condition for the use of his tenants, their invitees, and other persons who might properly use the same.

Furthermore, the premises were safe so long as the trapdoor remained closed. The appellant was in no way responsible for the door being opened. At the time the door was opened there was no danger because a proper light, furnished by appellant was burning. Appellant was not responsible for the turning out of this light.

We adhere to our former decision herein reached.