A. J. TAUL ET AL. v. W. B. WRIGHT.

1. SHERIFF'S SALE—INADEQUACY OF PRICE.—When there is an enormous inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending it, calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled.

2. PRACTICE IN SUPREME COURT—STATEMENT OF FACTS.—A statement of facts calling for material documents, directing them to be inserted, but not containing them, is so far defective that the court can take no notice of such documents merely called for; nor will questions dependent upon them be passed upon by the court.

APPEAL from Lamar. Tried below before the Hon. R. H. Taylor.

W. B. Wright brought suit against A. J. and J. W. Taul and R. W. Mebane to set aside a sheriff's sale of certain lands sold as Wright's under an execution in favor of Mebane and against Wright and others, and to vacate the judgment.

The petition contained a history of the proceedings in the suit, substantially, that Mebane had instituted suit on a promissory note executed by said W. B. Wright, T. G. Wright, Henly S. Bennett, and Wm. H. Johnson; that there was no service of citation upon petitioner or on Bennett, and that they filed no answer; that the papers were lost and supplied on motion of one Davis, attorney of Mebane; that thereupon judgment by default was rendered against all the defendants; that petitioner (Wright) had no notice of these proceedings, nor had notice been served on the other defendants; that the case had been taken up out of its order and the proceedings ex parte and on the last day of the term;

that petitioner was not in court by service of citation or otherwise, and that his rights could not be adjudicated; that execution issued and was levied upon 860 acres of land—a valuable plantation belonging to petitioner—which was sold by the sheriff of Lamar county, for thirty dollars, to A. J. Taul, petitioner not knowing of the levy or sale, being absent from the State, at New Orleans, on business; that the plantation so sold for thirty dollars was of the value of five thousand dollars, and that the price for which the sale was made was grossly inadequate; that A. J. Taul had pretended to sell said land to his son, J. W. Taul, who was interfering with the tenants of petitioner on the land; that the proceedings and sale were fraudulent and oppressive, and form a cloud on the title of petitioner.

Prayer for injunction against A. J. and J. W. Taul, and that the sheriff's deed be annulled, and, as against Mebane, that the judgment be set aside.

By amended petition the thirty dollars purchase-money was tendered to A. J. Taul.

Defendants demurred generally, and urged as special exceptions the absence of charges of specific acts relied on as fraud, want of averments sufficient to avoid the judgment, want of equitable defense against Mebane's judgment, and want of charge of fraud in defendants in procuring the judgment.

Defendants pleaded the general denial, and specially set up the judgment in Mebane *v.* Wright *et al.;* the execution and sheriff's sale; that A. J. Taul bought in good faith; that he sold to J. W. Taul in good faith; insisting upon the regularity and validity of the sheriff's sale; denying fraud, &c.

The court charged the jury as follows: "To make a valid title to land at a sheriff's sale, the claimant must show a valid judgment, execution, and sale, with payment of the purchase-money.

"In order to make a valid judgment, it must appear that the court rendering the judgment had jurisdiction of the

subject-matter and of the person against whom judgment was rendered. Jurisdiction of the person means that the party against whom the judgment was rendered was in court by attorney, or waived the process necessary to bring him therein, or that he was served with legal notice of the action brought against him. A judgment by default against a person who has not been served with process, or waived it, or filed an answer in the cause, is void. Gross and unconscientious inadequacy of price, coupled with very slight circumstances of fraud, will vitiate a sale.

"If the jury believe from the testimony that the judgment upon which defendants rely as the basis of title was obtained without legal notice, or waiver of notice by Wright, you will find for the plaintiff.

"If you believe from the testimony that the price paid for the land was grossly inadequate and unconscientious, and that there was any fraud committed in the sale, you will find for the plaintiff.

"If you believe from the testimony that Wright had legal notice, or waived it in the case when the judgment was rendered, and that there was no fraud in the sale, you will find for the defendants."

The jury found for the plaintiff, and judgment was rendered, canceling the sheriff's sale and deed.

Motions for new trial and in arrest of judgment were overruled. Defendants appealed.

*V. W. Hale,* for appellants.

I. From an examination of the petition in this case, it will be found that an effort was made by appellee to charge "fraud," but failed to allege who committed it, whether it was the court, sheriff, or Mebane, plaintiff in the judgment, by virtue of which the land was sold. It is a sweeping. charge against everybody in general, but against no person or persons specially, and under such a general allegation fraud against any particular person would not, could not be proven,

even if it exists. (Kerr on Fraud and Mistake, pp. 48, 49, 224, 225, 352, 353, 355, 356, 607.)

The fraudulent act of the plaintiff in the suit, even if any exists, would not affect the title of the purchaser at the execution sale, unless he was a party to or had knowledge of it. (See Seguin *v.* Maverick, 24 Tex., 529; Barnes *v.* Hardeman, 15 Tex. 366.)

II. There is no doctrine more firmly established nor any question better settled than that, however irregular the proceedings may be or may have been, a purchaser at a sheriff's sale takes a good title, unless the judgment or execution be absolutely void. (Sydnor *v.* Roberts, 13 Tex., 598, *et seq.*) And all that is necessary for him to do is to show a valid judgment, a valid execution, and a valid deed of sale. (Coffee *v.* Silvan, 15 Tex., 362; Leland *v.* Wilson, 34 Tex., 79.) In the case of Withers *v.* Patterson, 27 Tex., 49, the distinction between void and voidable judgments is clearly laid down, and all that is necessary is for the court to have jurisdiction of the subject-matter and the parties, and when this is accomplished and the jurisdiction attaches, however irregular the proceedings may be, the judgment will not be void, and the title of a purchaser under such judgment will be protected, unless some fraud be practiced to which he was a party. (Sutherland *et al. v.* DeLeon, 1 Tex., 307, 308, 309.) There is no question but that the court had jurisdiction over the subject-matter in cause No. 1368 of R. W. Mebane *v.* W. B. Wright *et al.*, but it is claimed that W. B. Wright and H. S. Bennett, two of the defendants in that case, were not served with process; but we insist that a preponderance of evidence shows that they were cited legally. Besides, the record of a court of general jurisdiction will support itself, and the record in this cause shows that the parties were all served. (See Lawler *v.* White, 27 Tex., 250; Mitchell *v.* Meuley, 32 Tex., 464.)

Appellee complains of the action of the court in substituting others for the papers in the cause of Mebane *v.* Wright *et al.*,

No. 1368. All this is fully answered by stating that the statute (Paschal's Dig., arts. 4969, 4979) provides for supplying lost papers, which statute was complied with by Mr. Davis, the attorney of Mebane.

III. The main point raised to support the judgment is upon the inadequacy of the consideration paid by the appellant, A. J. Taul, for the land at sheriff's sale, and we have always regarded this as the only question about which there could be any difference of opinion.

We find an unbroken chain of decisions in both England and America, as well as the authority of all the text writers, to the effect that inadequacy of consideration paid for land sold at sheriff's sale is not *per se* sufficient to set aside the sale, and we need not refer to authority to establish so elementary a proposition, but will cite a few. (See Story's Eq., secs. 244, 245; Pridgen *v.* Adkins, 25 Tex., 395; Johnston's Administrator *v.* Shaw, 33 Tex., 585, *et seq.*)

Fraud will not be presumed, but every person is presumed to be honest, and is presumed to have acted fairly in any given transaction. If, then, gross inadequacy of consideration alone constitutes *per se* evidence of fraud, the fact of fraud is thus established by presumptive evidence. Then we have proof of fraud by presumption, based upon and growing out of the existence of the isolated fact of inadequacy of consideration, which presumption or conclusion does not necessarily result from the fact proved, but only inferentially so. Then we have presumption of fraud in direct conflict with that other and, to say the least, more charitable presumption of innocence, fairness, good faith, and honesty. What must be done with this seeming conflict of presumption?

By requiring proof of fraud, either by direct or circumstantial evidence *aliunde*, the inadequacy, the presumption of innocence, honesty, &c., remains, and the seeming conflict reconciled.

Presumptions are indulged in only in the absence of proof, but never against it, and where fraud is charged, the *onus* of

proving it is on the party holding the affirmative, and we insist that it must be established by proof, either direct or circumstantial; and if we are correct in our conclusions, the appellee has wholly failed to make such proof, and the verdict of the jury is not only against but without evidence to sustain it.

Whilst it is true the fact that the sale was made by virtue of judicial process does not absolutely prohibit the inference of fraud arising from great inadequacy, yet it weakens it, and in the same degree strengthens the presumption of fairness and equality. (Byers v. Surget, 19 How., 303; S. C., 1 Hemp., 715; Newman v. Meek, 1 Freem., ch. 441; Haines v. Coale, 1 Dev. Eq., 420.)

In the case of Burch v. Smith, 15 Tex., 219, the sale was a private one, and not made by the sheriff or other officer. In all such cases it takes less evidence to establish fraud or unfairness than in cases of judicial sales. Besides the superior information of which the vendee was possessed, the maxim *suppressio veri* is equivalent to *suggestio falsi* applies. The learned judge, in the case of Judge v. Wilkins, 16 Ala., 765, uses this strong language: "Inadequacy of price, of itself and disconnected from all other facts, cannot be a ground for setting aside a contract or affording relief against it. What this something besides inadequacy should be, perhaps no court ought to say, lest the cunning and the wary, by employing other means than those named, should escape with their fraudulent gains;" and goes on to show that, in order to entitle the party to relief in equity, because the common law knows no such principle, (Story's Eq., *seq.*, 245,) the fact must show, in case of a private sale, the suppression of the truth, the suggestion of a falsehood, abuse of confidence or violation of duty arising out of the existing relations between the parties, the exercise of undue influence, or taking the advantage of one whose situation is calculated to render him an easy prey for the cunning and artful. Certainly the former is not characteristic of the appellee, nor do we know

that the latter trait can be justly applied to the appellant; but if such facts are not connected with the case, then relief cannot be afforded. (19 Ala., 755.) But in this we have a still stronger case, one in which the party seeking to annul a judicial sale fails to show any fraud, imposition, unfairness, inequality, or falsehood, and the party seeking to uphold it— the appellant—has taken upon himself the burden, and has actually established a negative to show the perfect fairness and regularity of the transaction.

*Wright & McDonald,* for appellee, cited Chevaillier *v.* Denson, 8 Tex., 439; Teas *v.* McDonald, 13 Tex., 349; Hulme *v.* Janes, 6 Tex., 242; Allen *v.* Stephanes, 18 Tex., 658; Johnston *v.* Shaw, 33 Tex., 585; Withers *v.* Patterson, 27 Tex., 496; Leland *v.* Wilson, 34 Tex., 79.

Moore, Associate Justice.—The errors assigned for reversal of this judgment are:

1. Overruling appellants' motion for a new trial.
2. Overruling their motion in arrest of judgment.

The grounds upon which the judgment was sought to be arrested are entitled to no serious consideration. Evidently the motion was properly overruled. The petition charges that the judgment, under which appellants claim by an execution sale, was absolutely void; and if not void, that it was erroneous and so manifestly irregular, and the price at which the land was sold by the sheriff was so grossly disproportionate to its value, as to shock the conscience, and justify a rescission of the sale. If the judgment was absolutely void, the execution and sale under it, it must be admitted, were also nullities. And if the judgment is valid, though it may be impossible to determine the precise limit at which mere inadequacy of price alone will authorize the setting aside a judicial sale, still it cannot be denied that there may be cases in which the price paid is so utterly insignificant and shockingly disproportionate to the value of the property, that a court of equity

cannot regard it as in conscience any consideration whatever, and the mere fact of attempting to hold the property so purchased will be held conclusive evidence of fraud.  Certainly when there is an enormous inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending it, calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled.  In reference to a sale at which the property sold for not quite one twentieth of its value, it was said by this court, " When the disproportion is so enormous as in this case, but slight additional circumstances will justify the inference that the sale was fraudulent."  (Allen *v.* Stephanes, 18 Tex., 658.)  The evidence in the record shows that appellee had paid, and that the property was worth when this case was tried, two hundred times the amount for which it was sold by the sheriff, and notwithstanding the great depreciation in the value of property at the time when it was sold, it was then worth one hundred times the amount it brought.

The grounds upon which a new trial was asked are in effect errors—

1. In overruling appellants' objection to the introduction of parol evidence to contradict the record of the court in the case under which the sale sought to be overruled was made.

2. In refusing the special instructions, from one to nine, inclusive, asked by appellants.

3. In not setting aside the verdict of the jury as contrary to the law and evidence.

We cannot review the action of the court below in passing upon either of these questions, unless the transcript contained the evidence to which they are pertinent, without a departure from the settled practice of the court.  An examination of what purports to be a statement of facts shows that such of the papers as were not lost, together with the judgment and execution under which the land was sold, were in evidence

before the jury. Yet, although the statement of facts calls for them, and directs their insertion in it, they are neither in it nor elsewhere in the transcript. This is no doubt from a mere oversight in the preparation of the transcript, and might have been corrected, if proper attention had been given to the record, either before or after it came to this court. But the court can only act on the records as they are submitted to it, and it cannot protect parties from the consequences of their negligence. We may remark, however, that we feel the less regret in having to dispose of the case on this evidently imperfect transcript, as we are strongly impressed that the result would not be different if the entire transcript was before us. The judgment is affirmed.

AFFIRMED.