## C. M. JOHNSON v. J. B. CRAWL.

### (Case No. 1094.)

1. SHERIFF'S SALE, WHEN SET ASIDE.— A judgment creditor who, by reason of the unusual hour at which an execution sale is made and the inclemency of the weather, is prevented without laches on his part from being present to protect his interest as a bidder against an insolvent judgment debtor, whereby, and because of few bidders being present, the property sold for less than its value and less than the judgment, is entitled in equity to have the sale set aside.

2. SAME.— At such sale the purchaser is so far a participant in the wrong done that he cannot object to the relief afforded by equity to the judgment creditor.

3. SAME.— If the absence of the judgment creditor was the result of his own negligence, he would be without remedy.

4. SAME.— See charge of court in statement of case held to be correct.

5. ASSIGNMENT OF ERRORS.— Attention again called to the necessity of observing rule 26 in preparing assignments of error.

6. BILL OF EXCEPTIONS.— When a bill of exceptions is taken to the exclusion of evidence, the bill of exceptions as well as the brief of counsel, who claims that the ruling was erroneous, should both show the objection made and sustained.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

Amongst other charges given, the jury were told that if they should believe from the evidence that the sheriff

had been notified by the plaintiff in this execution, or his attorney of record, that he would be present at the time of the sale, and that he desired to bid on the land, and that the sheriff believed, or had reason to believe, that Johnson, the bidder, was present to represent the plaintiff or to bid for him, and that the sale was made at an unusually early hour on a very cold and inclement day, while but few bidders were present, and thereby the land sold for less than it otherwise would have brought, and that in fact Johnson, the bidder, did not represent the plaintiff in the execution, and that thereby the plaintiff lost his debt or any part of it, then the jury should find for the plaintiff. But if the jury should believe from the evidence that the land was sold between the hours of 10 o'clock A. M. and 4 o'clock P. M., and at the usual hour of sale, and that the day was such as that bidders might have reasonably been present, and that the sale was fairly and regularly made, and in such a manner that persons desiring to bid on the land had a fair and reasonable opportunity to be present and bid on the same, then they should find for defendant.

*C. S. Robertson* and *Slaughter & Dillard*, for appellant.

I. If the sheriff sell land to an innocent purchaser upon an inclement day, and the property brings less than its value, the only recourse of the plaintiff in execution is against the sheriff. The sheriff is authorized and empowered to sell property upon public sale days in the absence of the plaintiff in execution. "*Vigilantibus, non dormentibus, jura subservient.*" The laws assist the vigilant; not those who sleep. Broom's Legal Maxims, p. 892.

II. If the plaintiff, by the use of ordinary diligence, could have prevented the sale of the land by the sheriff, and failed to do so, he has no right to complain. Freeman on Executions, § 303. "*Nullus commodum capere*

*potest de injuria sua propria."*   No man should take ad-
vantage of his own wrong.   Broom's Legal Maxims,
p. 279.

*Terrell, Smith & Word,* for appellee.
   I. The court did not err in permitting plaintiff to show
the practice of the sheriff in making sales in similar cases
at an hour subsequent to 12 o'clock M., for the purpose
of negativing laches on his part in not being earlier at the
place of sale.   Freeman on Ex., § 288; 10 Serg. & Rawle
(Penn.), 261; Railroad Co. *v.* Knapp, 51 Tex., 569.
   The day of sale having been so inclement as to prevent
the attendance of bidders, and the land in consequence
having brought less than it otherwise would, the proper
remedy for the party aggrieved was that pursued in this
case.   Freeman on Ex., § 308; Roberts *v.* Roberts, 13
Gratt., 639; Freeman on Ex., § 310.

   GOULD, CHIEF JUSTICE.— Crawl, the owner of a judg-
ment against Padon, under which judgment certain land
had been sold and bought by Johnson, brought this suit
against Johnson and Padon to have the sale set aside,
alleging, amongst other grounds, the gross inadequacy of
the price; that the sale was made at an unusual hour
and on a very cold and inclement day, by reason of which
facts but few bidders were present, and plaintiff himself
was prevented from reaching the place of sale in time
and from bidding for the land the amount of the judg-
ment.   That amount, including costs, was $1,370.   The
land sold for $1,000, Johnson being the only bidder.   The
insolvency of Padon was alleged and proved.   From
the evidence it may be inferred that the value of the land
was between $1,300 and $2,000; also that the sale was on
a very cold, inclement day, and between the hours of 11
and 11:30 A. M.   The sheriff who made the sale testi-
fies that he had been sheriff of that county for five years;

that it had been his custom to sell land between 1 and 2 o'clock in the evening, and that before that day he never sold land before 12 o'clock, except at tax sales. The evidence also shows that the plaintiff had told the sheriff that he would be present at the sale, and it appears that the sheriff when he sold was under the impression that Johnson represented the plaintiff, but this impression seems to have had no foundation whatever.

It appears that the plaintiff traveled some distance to town to attend the sale, and reached there shortly before the sale, and because of the extreme cold went for a few moments into a room near the court house. There is evidence that in ten or fifteen minutes after his arrival he went to the court house, and to his surprise found the sale over. That whilst in the room he heard no outcry. The wind was blowing hard. On finding the sheriff and Johnson he at once claimed that the sale be had over, proposing to bid the amount of the judgment and costs. Johnson declining to assent, this suit was promptly brought, resulting in a verdict and judgment in plaintiff's favor, setting aside the sale. Johnson appeals, assigning numerous errors. Instead of disposing of these in their order, it is proposed to state our conclusions on the material questions involved.

We do not doubt that the judgment creditor was in equity entitled to have the sale set aside, if, without any default or laches on his part, but by reason of the inclemency of the day and the unusually early hour at which the sale was made, he was deprived of an opportunity to be present at the sale to protect his interest, and the result was, but few bidders being present, that the property of the insolvent judgment debtor sold for $1,000 instead of $1,370, the amount of the judgment and costs.

Although both the sheriff and the purchaser were guiltless of any intentional wrong, if the sale was had under circumstances which made it unfair to the judg-

ment creditor, and which were also unfavorable to a fair price, the purchaser at such sale became so far a participant in the wrongful or improper manner in which it was made, that he was in no condition to object to the extension of relief to one otherwise entitled to it. Taul *v.* Wright, 45 Tex., 395; Ontario Bank *v.* Lansing, 2 Wend., 260; Collier *v.* Whipple, 13 Wend., 224; Hoppeck *v.* Conkling, 4. Sandf. Ch., 586; Freeman on Ex., secs. 288 and 308, and references. See also King *v.* Platt, 37 N. Y., 155; Cummings' Appeal, 23 Pa. St., 509.

Though a sale were made at an unusual hour, or on an inclement day when but few bidders were present, these are neither of them in themselves legal grounds why it should be vacated; but if by reason of these circumstances the judgment creditor was prevented from being present, and thereby suffered loss, they may be admissible in evidence as tending to make out a case in which to prevent injury to an innocent party equity would interfere.

If, however, the absence of the judgment creditor was the result of his own negligence, equity would not relieve him from its consequences. This question of the use of reasonable diligence on his part was one of fact, which we regard as settled by the verdict. Appellant complains that the court refused a special instruction asked on that subject. An examination of the charge asked shows that it was in itself objectionable. It called attention to the fact that the plaintiff was near by when the sale occurred, without at the same time calling attention to other facts in evidence bearing on the question of proper diligence. There was no error in refusing to give this charge.

There are several assignments of error objecting to the charge as given, but none of them bear upon the issue of laches or diligence, or are believed to present any question requiring special notice.

Looking, however, at the charge, we find that in more than one place the court called attention to the duty of

the plaintiff to use proper diligence to be present, and taking the whole charge in connection, we see no sufficient reason to apprehend that the jury were misled on this subject.

This question of negligence is also presented under an assignment that the court "erred in overruling defendants' general and special exceptions to plaintiff's petition." There were five special exceptions to the petition, four of which were overruled. Evidently this assignment is in violation of rule 26, which says: "Assignments of error which are expressed only in such general terms as that the court erred in its rulings on the pleadings, where there are more than one, . . . will be considered as a waiver of error."

In the fourth assignment of error it is complained that the "court erred in refusing to permit defendants' counsel to prove by A. S. Wilson, the sheriff of Kaufman county, that the land sold brought as much as land generally does at public sale." The brief of appellant does not state on what grounds this evidence was objected to, nor on reference to the bill of exceptions do we find the ground of objection stated, further than inferentially from the reason given by appellant why he excepted, viz.: "that defendants ought to be permitted to prove by circumstantial, as well as direct proof, that the land sold for its value, and that it had not been improperly sacrificed." If the court excluded this evidence because it was circumstantial, we think that it erred. But we do not think that we are called on to infer that such was the objection taken. The bill of exceptions and the brief of appellant should both show the objection made and sustained. Whitehead v. Foley, 28 Tex., 268; Hagerty v. Scott, 10 Tex., 525.

But if it be conceded that this ruling was erroneous, and that the question is properly before us, we think that there is no reasonable ground to suppose that the jury

failed to consider the well known fact, that at sheriff's sales property does not usually sell for its full value, or that their verdict would have been different had the evidence been admitted. The error, therefore, is no sufficient ground for reversal. Payne v. Benham, 16 Tex., 364; Stone v. Garrin, 22 Tex., 9; Morrison v. Loftin, 44 Tex., 17.

It appears to us that a right result has been reached in this case, and no error of the court in its proceedings leading to that result has been shown entitling appellant to a reversal. Accordingly the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 9, 1881.]