### GUY v. EDMUNDSON et al.

(Court of Civil Appeals of Texas. Feb. 8, 1911. On Motion for Rehearing, March 22, 1911. Writ of Error Denied by Supreme Court April 19, 1911.)

1. APPEAL AND ERROR (§ 1033*)—RULING FAVORING COMPLAINING PARTY.

On appeal from a judgment setting aside a sale of land on execution, defendant cannot complain of that part of the judgment awarding him an amount paid into court as costs of executing the writ paid by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

2. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERRORS—NECESSITY.

Plaintiff in an action to set aside an execution sale and the deed given thereon by a trial amendment tendered and paid into court the amount paid by defendant, who was the purchaser, as the costs of executing the writ. *Held*, that the question of the sufficiency of the tender could not be raised, there being no assignment of error, by a complaint that the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

judgment awarding defendant the amount tendered was error apparent of record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

3. EXECUTION (§ 256*)—VALIDITY OF SALE—IRREGULARITY OF PROCEEDINGS.

Acts 1903, c. 77, provides that notice of an execution sale be published in a newspaper published in the county, unless there is no newspaper published in the county, or no newspaper published therein would publish the required notice for a fee of $5. At the time an execution sale was advertised to be made, there were two newspapers published in the county, either of which would have published the notice for the statutory fee, but the only advertisement of the sale that was made was by posted notices. There were three tracts of land sold, but they were not offered nor sold separately. The interest of the judgment debtor in the land was worth $1,800. The judgment creditor bid in the land for $15, paying a part of that amount as the cost of executing the writ, and credited the balance on the judgment. After the sale had been advertised, the constable informed the agent of the owner of the land that the advertisement would be withdrawn and the property would not be sold, and this information was repeated to the owner on the day before the sale, and, relying thereon, no one interested in the land was represented at the sale. *Held*, that the jury in an action to set aside the execution sale and cancel the constable's deed were justified in finding that the sale should be set aside.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 256.*]

4. EXECUTION (§ 256*)—INVALIDITY OF SALE IN BULK.

Where a sale on execution of several tracts of land having no connection with each other is in bulk for a grossly inadequate price, the sale should be set aside.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 726; Dec. Dig. § 256.*]

5. EXECUTION (§ 256*)—INVALIDITY OF SALE.

Where the constable who levies an execution on land informs the owners of the land, after it has been advertised for sale, that the advertisement will be withdrawn and the sale will not take place, and the owners in consequence do not attend the sale and fail to take any steps to prevent the sale for an inadequate price, and the land is sold at the time advertised for a grossly inadequate price, the sale should be set aside, although the officer was not authorized by the judgment creditor to withdraw the land from sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 726; Dec. Dig. § 256.*]

6. EXECUTION (§ 256*)—ACTION TO SET ASIDE SALE—QUESTION FOR JURY.

Whether an ordinarily prudent person would have reasonably relied upon the assurance of a constable who had levied an execution on land that the sale would not be held, and would therefore not be guilty of negligence in relying upon the assurance and failing to attend the sale, or to prevent the land being sold for a grossly inadequate price, is for the jury in an action by the owners of the land to set aside a sale made under those circumstances.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 256.*]

7. EXECUTION (§ 256*)—VALIDITY OF SALE—INADEQUACY OF PRICE.

While inadequacy of price is not in itself a sufficient ground for avoiding an execution sale, if in addition to such inadequacy, there is any circumstance in relation to the sale which tends to cause such inadequacy, the sale should be set aside.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 726; Dec. Dig. § 256.*]

8. EXECUTION (§ 256*)—INVALIDITY OF SALE—SUFFICIENCY OF TENDER.

In an action to set aside an execution sale and cancel the constable's deed, where the purchaser, who was the judgment creditor, had paid the cost of executing the writ, and credited the remainder of his bid on the judgment, a tender sufficient to cover the amount paid by the judgment creditor in money was sufficient, and he was not required to tender the amount of the judgment, nor the amount of the bid, as the cancellation of the sale cancels the credit, and leaves the judgment creditor in the same condition as he was before the sale.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 256.*]

9. PLEADING (§ 245*)—AMENDMENT.

In an action to set aside an execution sale, and to cancel a constable's deed, where defendant did not except to the petition because it contained no offer to refund money paid by defendant, it was not improper after the evidence was in, and it was shown that defendant had paid in cash the costs of making the sale to allow plaintiffs to file a trial amendment tendering to defendant the amount so paid by him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 660; Dec. Dig. § 245.*]

10. EXECUTION (§ 256*)—ACTION TO SET ASIDE SALE—ADMISSIBILITY OF EVIDENCE.

In an action to set aside an execution sale and cancel the constable's deed on the ground of gross inadequacy of the price received, failure to publish notice of the sale, and the false representation by the constable to the owners of the property that the sale would not take place, it was not error to exclude evidence offered by defendant that certain discrepancies in the description of the land in the deed to plaintiffs would in the opinion of the witness tend to prevent purchasers from bidding at the sale and materially affect the price received, as the fact that other causes than the irregularities in the sale may have contributed to the inadequacy of the price would not affect the right of plaintiffs to have the sale set aside, where the irregularities complained of were sufficient in themselves to have caused the low price.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 256.*]

11. EXECUTION (§ 256*)—ACTION TO SET ASIDE SALE—ADMISSIBILITY OF EVIDENCE.

In an action to set aside an execution sale and cancel a constable's deed, on the ground, among others, that the constable falsely stated to the owners of the property that the sale would not take place, thereby preventing them from attending the sale, it was not error to exclude evidence that defendant did not know of such statement, and evidence as to the number of executions that had previously been issued on defendant's judgment, and the reasons for the failure of the officer to make sale thereunder, was also properly excluded.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 256.*]

12. COSTS (§ 32*)—ACTION TO SET ASIDE EXECUTION SALE—COSTS.

In an action to set aside an execution sale and cancel a constable's deed, plaintiffs on recovering judgment are entitled to costs, although they have not paid defendant's judgment on which execution was issued, as they were not required to pay such judgment in order to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

have the irregular sale of their land for a grossly inadequate price set aside.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 32.*]

### On Motion for Rehearing.

**13. JUDGMENT (§ 487*)—COLLATERAL ATTACK—ACTION TO SET ASIDE EXECUTION SALE.**

In an action to set aside an execution sale and cancel a constable's deed, in which the sufficiency of the execution on its face was not attacked, but plaintiffs contended that the execution was void because the costs for which the judgment was rendered had been paid prior to the rendition of the judgment, such judgment cannot be collaterally attacked on that ground, and a judgment canceling the execution on such ground would be erroneous.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 921; Dec. Dig. § 487.*]

**14. APPEAL AND ERROR (§ 719*) — ASSIGNMENTS OF ERROR—QUESTIONS FOR REVIEW.**

On appeal from a judgment for plaintiff in an action to set aside an execution sale and cancel a constable's deed, in which action the judgment on which the execution was issued was collaterally attacked, such error is not one apparent of record, and, as the only matters presented are errors apparent of record, it cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by W. L. Edmundson and others against E. L. Guy. Judgment for plaintiffs, and defendant appeals. Affirmed.

Anselm H. Jayne, for appellant. Byers & Byers and Louis & Masterson, for appellees.

PLEASANTS, C. J. This suit was brought by appellees, W. L. Edmundson, George A. Byers, and Charles F. Byers, against appellant, to set aside an execution sale and cancel a deed made by J. C. Butcher, constable of Harris county, conveying to appellant a one-half interest in 5.5 acres of land in the city of Houston, Harris county, Tex.

The sale was attacked on the grounds of irregularities and gross inadequacy of consideration. The execution under which the sale was made was issued upon a judgment for costs in the sum of $40 in favor of appellant against the appellees, Charles F. Byers, Harry Goosby, and T. G. Beard, rendered by the district court of Harris county. The execution was levied upon the interest of Charles F. Byers in said 5.5 acres and also upon two other parcels of land levied upon as the property of Goosby and Beard, respectively. At the time of sale, which took place on September 4, 1906, the 5.5 acres belonged to plaintiffs George A. and Charles F. Byers. On September 6, 1907, the plaintiffs Byers sold the property to plaintiff W. L. Edmundson for the sum of $4,500, $1,050 cash and the balance to be paid as follows: $500 in one year, $500 in two years, $1,000 in three years, and $1,500 in four years, said deferred payments evidenced by notes and secured by vendor's lien on the property. All of the plaintiffs join in the suit as the legal and equitable owners of the land.

It is alleged in the petition that the sale of all of said property was made in bulk, and appellant, who was the plaintiff in execution, became the purchaser for the sum of $15; $3.50 of said amount having been paid by appellant as costs of executing the writ and the balance of $11.50 credited by appellant on his judgment. The value of the entire property sold is alleged to be $6,000 and that of the 5.5 acres, $5,000. It is further alleged that, after the execution upon which said sale was made had been levied upon the land in controversy and the sale advertised, the constable who made said levy and sale notified the plaintiff Byers that he had withdrawn the sale and notices thereof, and that he would not sell said property, but would return the writ unexecuted, and that relying upon this assurance plaintiff paid no further attention to the threatened sale of his property, and was not present to protect his interest when said sale was made. It is further alleged that the property was not advertised by publication of notice of sale in a newspaper, as required by law.

By trial amendment plaintiffs tendered into court the sum of $5 to reimburse defendant for amount paid by him as costs of said sale. The defendant answered by general demurrer, and also specially excepted to that portion of the petition which alleged that the constable, after he had levied upon and advertised the land, informed plaintiff Byers that the notice of sale would be withdrawn and the writ returned unexecuted, on the ground that plaintiff was charged with notice that said constable had no authority under the law to withdraw the land from sale and had no right or authority to return said writ unexecuted, and therefore plaintiff could not have relied upon the promise of the officer not to sell said land. He further answered by plea of not guilty and by cross-action in which he asserted title to the land in controversy, and prayed that he recover the title and possession thereof. The cause was tried with a jury, and, upon return of a verdict in favor of plaintiffs, a judgment was rendered setting aside the sale and canceling the execution under which the sale was made and also canceling the constable's deed to appellant. The $5 tendered into court by the plaintiffs was ordered paid to defendant.

Appellant's first complaint is that the court erred in rendering a judgment canceling the execution, and also erred in directing that the $5 deposited in the registry of the court by plaintiffs be turned over to the defendant. There are no assignments of error complaining of the judgment on these grounds, but the matters are presented as errors apparent of record. The sufficiency of execution was not an issue in the case, and that part of the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

judgment canceling the execution was unauthorized, but it in no way injured appellant, because the writ was functus officio long before the rendition of the judgment. The cancellation of the writ of execution in no way affects the validity of appellant's judgment for costs; and, while it was wholly unauthorized and an entirely unnecessary and useless part of the judgment in this case, it does not affect the validity of such judgment. If there was any error in adjudging that the defendant recover the $5 tendered into court, it is certainly one of which the defendant will not be heard to complain. If the tender could be regarded insufficient, that question cannot be raised by a complaint that the judgment awarding defendant the tender made is an error apparent of record.

The first assignment of error complains of the refusal of the trial court to give a special charge requested by the defendant instructing the jury to return a verdict in his favor. There was no error in refusing this instruction. The undisputed evidence shows that the 5.5 acres of land was worth at the time of the sale from $700 to $1,000 per acre, and therefore the one-half interest of plaintiff Charles F. Byers was worth at least $1,800. The undisputed evidence further shows that defendant's bid for the three tracts of land was the sum of $15, and of this amount only $5.50 was paid as cost of executing the writ, the balance of the bid being credited on his judgment of $40. The three tracts of land were not offered for sale separately, but were sold together. The only advertisement of the sale was by posted notices. At the time this advertisement of sale was made, there were two newspapers published in Harris county, either of which would have published the notices of the sale for the time required by law for a fee of $5. After the sale had been advertised, the constable informed plaintiff, George A. Byers, who was the agent and acting for Charles F. Byers, that the advertisement would be withdrawn, and the property would not be sold. This information was repeated to said plaintiff on the day before the sale, and, relying thereon, neither of said plaintiffs was present or represented at the sale. But for this representation of the officer said plaintiffs would have been present at the sale and would have taken steps to prevent the sacrifice of the property. This evidence amply justified, if it did not compel, a finding by the jury that the irregularities in the advertisement and the sale of the property, coupled with the gross inadequacy of the consideration, were such as in equity and good conscience required that the sale be set aside.

The statute in force at the time this sale was made required that notice of the sale be published in the English language in a newspaper published in the county in which the sale was advertised to be made for three consecutive weeks preceding such sale. This requirement of the statute could only be dispensed with when there was no newspaper published in the county, or when none of the newspapers published there would publish the required notice for a fee of $5. Acts 1903, p. 104. The undisputed evidence showing that the conditions which authorized notice by posting did not exist, the failure to publish the notice as required by the statute was such an irregularity as coupled with the inadequate consideration paid for the land sustains the verdict and judgment setting aside the sale. The sale of several tracts of land, having no connection with each other, in bulk, would ordinarily result in a lower price than could be obtained if the tracts were sold separately, and, when in such sale the price obtained is grossly inadequate, the fact that the several tracts were sold together is a sufficient irregularity to require that the sale be set aside.

We also think that the statement of the officer to the plaintiff Byers that the sale would not take place and the consequent absence of Byers from the sale and his failure to take any steps to prevent the sacrifice is a circumstance sufficient to avoid a sale made for a grossly inadequate price. It is immaterial that the constable was not authorized by appellant to withdraw the land from sale. Byers was not informed that the appellant would insist on the sale, and he might have reasonably supposed when informed by the officer that the sale would not be made, that the appellant had or would acquiesce in the determination of the officer not to sell. At all events, the question of whether an ordinarily prudent person would have reasonably relied upon the assurance of the officer and would therefore not be guilty of negligence in so doing was one for the determination of the jury. While it is well settled that inadequacy of price is not in itself a sufficient ground for avoiding an execution sale, it is equally well settled that, if in addition to such inadequacy there is any circumstance, accident, or occurrence in relation to the sale of a character tending to cause such inadequacy, the sale should be set aside.

In Chamblee v. Tarbox, 27 Tex. 146, 84 Am. Dec. 614, the Supreme Court holds that if there are circumstances attending the sale which may have operated to prevent the property from bringing a higher price, although the purchaser may not have known of such circumstances, if the price paid by the purchaser is grossly inadequate, the sale will be regarded as legally fraudulent. The following authorities show the extent to which the courts have gone in relieving against an execution sale of property for a grossly inadequate price, and fully sustain the judgment in this case: Taul v. Wright, 45 Tex. 388; Johnson v. Crawl, 55 Tex. 571; Kaufmann & Runge v. Morris, 60 Tex. 121; House v. Robertson, 89 Tex. 685, 36 S. W. 251.

The second assignment of error complains of the refusal of the court to instruct the jury to return a verdict in favor of the de-

fendant on the ground that plaintiffs had not offered to do equity by making tender of the amount paid by defendant for the land. This assignment cannot be sustained for the reason that, as before stated, the plaintiffs did offer to do equity by making a tender of $5 to cover the amount paid by the defendant for the property. The sufficiency of this tender was not questioned by the defendant by any exception to the pleadings, and judgment was rendered in favor of defendant for said amount. The evidence shows that the amount so tendered, and which was recovered by the defendant, was more than he paid for the land. Plaintiffs were not required to tender the amount of defendant's judgment in order to have the sale set aside, nor the amount of defendant's bid, which was credited on the judgment. The cancellation of the sale cancels that credit and leaves the defendant in exactly the same condition as he was before the sale, and this is all that equity required.

The third and fourth assignments of error complain of the refusal of the court to give special charges requested by the defendant, which, in effect, withdrew from the jury the issue of whether the failure of the plaintiff to attend the sale because of the statement of the officer that it would not take place, conduced or contributed to the inadequacy of the price for which the land was sold. These assignments are without merit. As we have before said, we think the circumstances mentioned are such as would authorize the cancellation of a sale when the price for which the property was sold is so grossly inadequate as in the present case.

·There was no error in the action of the court permitting the plaintiffs to file a trial amendment tendering. $5 to cover the amount actually paid by the defendant for the land. No exception was presented to the petition questioning its sufficiency on the ground that it contained no offer to refund the money paid by defendant. After the evidence was in, and it was shown that defendant had paid in cash the costs of making the sale, it was not improper to allow the plaintiffs to file a trial amendment tendering to the defendant the amount so paid by him. The fifth assignment of error, which complains of this action of the trial court, is overruled.

The sixth, seventh, eighth, and ninth assignments, which complain of supposed errors in the court's charge, are without merit, and each is overruled without discussion.

It was not error to sustain objections to evidence offered by defendant to the effect that certain discrepancies in the description of the land in controversy contained in the deed to plaintiffs would in the opinion of the witness tend to prevent purchasers from bidding at the sale, and therefore may haye materially affected the price for which the land was sold. The fact that other causes than the irregularities in the sale may have contributed to the inadequacy of the price would not when the irregularities complained of were sufficient in themselves to have caused the low price affect the right of plaintiffs to have the sale set aside. This disposes of the question presented by the eleventh assignment.

Whether or not the defendant knew of the statements of the officer to the plaintiff Byers that the sale would not take place was immaterial, and the court did not err in sustaining objections to the offered testimony of the defendant that he did not know of such statements.

The number of executions that had previously been issued on defendant's judgment against the plaintiffs Byers and others, and the reasons for the failure of the officer to make sale thereunder, were not material to any issue in this case, and therefore the trial court properly excluded evidence offered by the defendant to show these facts.

There is no merit in the contention that because appellees had never paid the defendant's judgment they were not entitled to recover the costs of this suit. They were not required to pay defendant's judgment in order to have the irregular sale of their land for a grossly inadequate price set aside, and the costs of this suit properly followed the judgment in their favor vacating such sale and canceling the constable's deed.

We are of opinion that the judgment· of the court below should be affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

In our former opinion in this case in answering appellant's contention that the judgment of the court below should be reversed because if is apparent of record that the court erred in rendering judgment canceling the execution under which the land was sold, we say: "The sufficiency of the execution was not an issue in the case, and that part of the judgment canceling the execution was unauthorized, but it in no way injured appellant, because the writ was functus officio long before the rendition of the judgment. The cancellation of the writ of execution in no way affects the validity of appellant's judgment for costs, and, while it was wholly unauthorized and an entirely unnecessary and useless part of the judgment in this case, it does not affect the validity of such judgment." This statement may not be entirely accurate. While the sufficiency of the execution on its face was not attacked, it was contended by plaintiffs that the execution was void because the judgment for costs upon which it was issued was unauthorized; said costs having been paid prior to the rendition of said judgment. It is manifest that this judgment cannot be collaterally attacked on this ground, and a judgment of the court below canceling the execution on this ground would be erroneous. But this is not an error apparent of record, and, in the absence of a

proper assignment presenting the question, we are not authorized to disturb the judgment on this ground. That the execution was not adjudged void on this ground is evident from the charge of the court which instructs the jury, in effect, that the judgment for costs was a valid and subsisting judgment, and execution was properly issued thereon. If the question was properly presented, we would hold that the judgment canceling the execution should be set aside, but nevertheless the judgment setting aside the sale and awarding appellees the land should be affirmed.

With this correction of the statement in our former opinion the motion for rehearing is overruled.

Overruled.