## SELKIRK v. SELKIRK.    (No. 9003.)

Court of Civil Appeals of Texas.    Galveston.
June 7, 1927.

**1. Appeal and error** ⟺931(1)—**Unchallenged findings of trial court are presumed correct.**

Where appellant does not challenge findings of fact made by trial court, reviewing court assumes that they correctly present facts proven at trial.

**2. Appeal and error** ⟺742(1)—**Reviewing court may refuse to consider propositions not followed by statement in brief of proceedings contained in record necessary to explain them.**

Where appellant's propositions are not followed anywhere in brief, by statement of any part of proceedings contained in record necessary to explain and support such proposition, contrary to rule 31, reviewing court may refuse to consider such propositions, but is not required to do so.

**3. Execution** ⟺256(2)—**Petition showing irregularities in execution resulting in sale of land at grossly inadequate price and praying for cancellation of sheriff's deed held to state cause of action (Vernon's Sayles' Ann. Civ. St. 1914, art. 3729).**

Petition praying cancellation of sheriff's deed, showing irregularities in issuance of execution contrary to Vernon's Sayles' Ann. Civ. St. 1914, art. 3729, alleging levy on plaintiff's land without any one calling on him to point out property, and sale at grossly inadequate price by reason of irregularities alleged, *held* to state cause of action as against contention that no irregularities in judgment on which execution was issued were set up, since such petition is direct attack only on sale.

**4. Execution** ⟺251(1)—**Gross inadequacy of price, coupled with irregularities in issuance of execution, is cause for avoiding sheriff's sale.**

Though inadequacy of price is not alone sufficient to set aside sheriff's sale otherwise valid, gross inadequacy, in connection with slight additional facts showing irregularities in issuance of execution, is cause for avoiding sale.

Appeal from District Court, Matagorda County; Hon. M. S. Munson, Judge.

Suit by William M. Selkirk against Samuel G. Selkirk, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

Styles & Erickson, of Bay City, for appellant.

W. C. Carpenter, of Bay City, for appellee.

LANE, J. On the 2d day of May, 1921, the Sisk Grocery & Hardware Company, a copartnership composed of R. J. and J. C. Sisk, recovered a judgment against W. M. Selkirk in the justice court of precinct No. 1 in and for Matagorda county, for the sum of $54 with interest at the rate of 6 per cent. per annum from the 23d day of March, 1921.

On the 11th day of September, 1925, an alias execution was issued purporting to be issued for the enforcement of the judgment above mentioned of date May 2, 1921, those parts of which that are pertinent to the issues involved in this suit being as follows:

"To the Sheriff or any Constable of Matagorda County, said State—Greeting:

"Whereas, Sisk Grocery & Hardware Co. on the 26th day of March, A. D. 1921, before I. N. Barber, a justice of the peace for the county of Matagorda, recovered a judgment against Wm. Selkirk for the sum of one hundred & thirty-one and 06/100 dollars, and all costs of suit:

"These are, therefore, to command you, that of the goods and chattels, lands and tenements of the said Wm. Selkirk, you cause to be made the sum of $131.06 with interest thereon from the 26th day of March, A. D. 1921, at the rate of 6 per cent. per annum, together with the sum of $5.55 costs of suit, and also the costs of executing this writ."

Such execution was placed in the hands of the sheriff of Matagorda county on the 24th day of September, 1925, who by virtue thereof levied on the one-eighth individual interest of W. M. Selkirk in a certain tract of land in Matagorda county containing 5,606 acres, less 414 acres, and thereafter sold the same, under and by virtue of said execution, to Samuel Selkirk, Jr., for the sum of $256. Out of the $256, the sheriff paid $82.13 in satisfaction of the judgment of May 2, 1921, and $14.12 cost incurred in making said sale, which left a balance of $159.75. For such balance he sent a check to W. M. Selkirk at Dallas, which Selkirk collected. Shortly after cashing the check he learned that it was paid to him as a part of the proceeds of the sale of his land, and, so learning, he tendered the same, together with interest thereon, back to Samuel Selkirk, Jr., who purchased the land at the sheriff's sale. Samuel Selkirk, Jr., refused to accept the sale and refused to redeem the land to the said W. M. Selkirk. Whereupon W. M. Selkirk brought this suit against Samuel Selkirk, Jr., praying for the cancellation of the deed by which the sheriff conveyed the land to Samuel Selkirk, Jr., for a decree setting aside the same made by the sheriff, for a reinvestment of the title of the land in him, and for general relief. After filing his suit he tendered in open court to the defendant the $256 paid by defendant to the sheriff as the purchase price of said land, together with 6 per cent. per annum interest thereon from the date of such payment, and, upon the refusal of defendant to accept such tender, he paid the same into the registry of the court.

Plaintiff alleged substantially the facts as found by the court in his fact findings, which will be hereinafter set out.

Defendant answered by general demurrer, several special exceptions, and by a general denial.

After the trial of the cause had begun, defendant filed a trial amendment and alleged that, in addition to the $256 paid by him as the purchase price for the land, he had paid $39.32 for taxes due on the land, and prayed for a recovery of the same, together with $1 as interest thereon.

The cause was submitted to the court without a jury. The court overruled the defendant's general demurrer and special exceptions, and, upon the evidence adduced, rendered judgment for the plaintiff decreeing that he have judgment against defendant for the title to the land sued for; that the deed by which the sheriff undertook to convey the land to the defendant be canceled, annulled, set aside, and held for naught. Entering judgment for defendant for all money paid out by him in the transaction, the court decreed as follows:

"And it appearing to the court that defendant, Samuel G. Selkirk, Jr., paid said sheriff for said land $256.00 on November 3, 1925, and that he also paid on January 26, 1926, $39.32 for taxes, and plaintiff having tendered said amounts together with 6 per cent. interest thereon from the date of such payments respectively, and paid the same into the registry of this court, it is further ordered and adjudged that said defendant, Samuel G. Selkirk, Jr., do have and recover the same from plaintiff, William M. Selkirk, and the clerk of this court is directed to pay over said amounts to said defendant and take his receipt therefor."

From the judgment rendered in behalf of W. M. Selkirk, the defendant, Samuel G. Selkirk, Jr., has appealed.

At the request of appellant the court filed its findings of fact and conclusions of law, as follows:

"(1) I find that plaintiff was the legal owner of an undivided one-eighth of 5,606 acres of land in the William Selkirk Islands grant, situated in Matagorda county, Tex., at the time of the levy of the execution and sheriff's sale thereunder to defendant, on the 3d day of November, A. D. 1925.

"(2) That on said dates the said land was in course of partition in this court by commissioners appointed by the court at its June term, 1925, and that the report of said commissioners was approved and decree of partition rendered at the January term, 1926, of this court, in which defendant was awarded 487 acres of land by reason of the fact that said tract was worth more than the general average of the land in said larger tract.

"(3) I find that the value of plaintiff's interest in said land at the time of the levy and sale was worth not less than $2,500.

"(4) I find that said levy and sale was made under an execution issued out of the justice court of precinct No. 1 of said Matagorda county on the 11th day of September, A. D. 1925, on a judgment rendered by said court on the 2d day of May, A. D. 1921, in a cause No. 1551, styled Sisk Grocery & Hardware Company, a Copartnership Composed of R. J. and J. C. Sisk, v. William Selkirk, for $54, with 6 per cent. per annum interest and costs of court. That said execution did not show on its face that it was an alias execution, but there was an indorsement on the top of the back thereof, 'alias execution.'

"(5) That said execution recited that said judgment was rendered on the 26th day of March, 1921, for the sum of $131.06, with 6 per cent. per annum interest and costs of suit, and that said costs totaled $5.55.

"(6) I find that the plaintiff in this cause was a nonresident of Matagorda county at the time of the levy of said execution and sale thereunder, and was not present either in person or by attorney at said sale.

"(7) I find that the sheriff of Matagorda county did not call upon plaintiff or his agent to point out property upon which to levy before levying said execution upon plaintiff's said land.

"(8) I find that the deed records of said county showed that plaintiff owned an interest in other lands in said county of smaller area, or acreage, and of ample value to have satisfied said execution.

"(9) I find that after the levy of said execution and the advertisement in a newspaper of said land for sale, the said sheriff mailed to plaintiff at Dallas, Tex., his post office address, a copy of said advertisement of sale, as well as a copy thereof to his local attorney, at Bay City, Tex.

"(10) I find that said land was bid in by defendant at such sale for the sum of $256, which amount he paid to the sheriff and for which the said sheriff conveyed to him plaintiff's undivided one-eighth interest in said Selkirk Islands grant, and delivered to him a deed therefor, which has been duly recorded in the deed records of said Matagorda county.

"(11) I find that after paying to Sisk Grocery & Hardware Company the amount of their judgment, $54, with interest thereon from the date of the rendition of their judgment, together with court costs and the costs of making the sale of said land, there remained in the sheriff's hand the sum of $151.75, which he remitted to plaintiff at Dallas, Tex., and which plaintiff retained until the filing of this suit in this cause.

"(12) I find that prior to the filing by plaintiff of his suit herein the plaintiff, through his attorney, W. C. Carpenter, approached defendant and offered to refund and repay to him the whole amount he had paid said sheriff for plaintiff's land, together with legal interest thereon from the time of such payment, if defendant would reconvey to him his said land so bought at sheriff's sale, and that defendant refused to accede to said proposal and refused to reconvey said land to plaintiff.

"(13) I further find that upon the call of this cause for trial in this court, plaintiff again tendered to defendant, in open court, said amount and accrued interest, which defendant declined to accept, and the same was then deposited in the registry of this court, and upon the trial of this cause it developed from the evidence that defendant had paid the taxes on said land for the year 1925, and the court permitted the defendant to file a trial amendment, asking that defendant be permitted to recover of plaintiff the amount of such taxes and interest in the event judgment went against defendant for the land, and which prayer the court granted and required plaintiff to also pay into the registry of this court the said amount paid for taxes, and interest, which order the plaintiff also complied with.

"(14) I find that there were several persons present at the sheriff's sale, and two other persons besides defendant in this cause offered bids for said land; but I find that, owing to gross irregularities, discrepancies and variances between the judgment actually rendered in the cause under which the execution issued and the sale was made were sufficient to deter prudent persons from offering or bidding anything like the value of said land.

"(15) I find that said land was actually sold to defendant for one-tenth of its real value, and that such sum was and is out of all proportion and shockingly inadequate to its fair market value.

### Conclusions of Law.

"Based upon the foregoing findings of fact, I conclude as a matter of law that from the great irregularities therein found attending the issuing of the execution, the levy upon and sale of said land thereunder was and is voidable, and that said sheriff's deed ought to be canceled, annulled, and held for naught, and that plaintiff ought to recover his said land, and that defendant should recover the money paid into the registry of this court, and that by reason of his refusal to accept plaintiff's offer to reimburse him for his outlay on said land, the defendant should pay the costs of court.

"I further conclude that plaintiff was not estopped to bring his suit herein by reason of the acceptance and retention of the excess of the money from the sheriff over and above the amount necessary to satisfy the judgment of Sisk Grocery & Hardware Company until his offer to return same to the defendant in this cause."

[1] Appellant nowhere challenges the findings of fact made by the court; we shall therefore assume that they correctly present the facts proven upon the trial.

[2] Appellee objects to the consideration by this court of the several propositions presented by appellant, in that none of them are followed anywhere in his brief by a brief statement, or in fact by any statement, of any part of the proceedings contained in the record as will be necessary or sufficient to explain and support such proposition, as required by rule 31 for the government of this court. We think such objection might be very properly sustained. However, we have concluded to overrule such objection and consider the several propositions.

[3] By his first, second, and third propositions, appellant contends substantially, if we understand their import, that the plaintiff's petition sets up no cause of action against him, but to the contrary it shows on its face facts which preclude the recovery as prayed for, in that it shows that appellant claims title to the land sued for through a sale by the sheriff under an execution, and does not set up any irregularities in the judgment upon which the execution was issued, but sets up only that by reason of certain irregularities in the issuance of the execution and the sale made thereunder such sale is voidable, and fails to allege any fact which would render said judgment, execution, or sale "void"; that such pleading shows that the attack on the proceedings leading up to the rendition of said judgment, execution, and sale is a collateral attack and not direct, and therefore

the court erred in overruling appellant's general and special demurrers to said petition.

Such contention cannot be sustained. By his suit appellee made no attack on the judgment upon which the execution by virtue of which the land was sold by the sheriff was issued. The recitations in the petition with reference to such judgment were made only for the purpose of showing that the execution misdescribes the judgment upon which it purports to have been issued as to its date and amount, and that it was issued more than four years after the rendition of the judgment. Such recitals show that the judgment was rendered as shown on its face on the 2d day of May, 1921; that it was for the sum of $54. The execution recites that the judgment upon which it was issued was rendered on the 23d day of March, 1921, and that it was for the sum of $131.06. Having pointed out such irregularities in the issuance of the execution, it alleges that the execution was levied upon his land without any call upon him by the sheriff, or any one else, to point out property owned by him upon which the levy should be made; that by reason of the irregularities alleged, which we have stated are shown by the findings of fact of the court, the land was sold for a grossly inadequate price.

[4] We think the petition alleged a good cause of action; that it is in no sense any sort of attack on the judgment upon which the execution was issued, but, to the contrary, that it was a direct attack only upon the sale of his land for a grossly inadequate price by reason of the alleged irregularities. The statute, article 3729, Vernon's Sayles' Civil Statutes 1914, requires that an execution "shall correctly describe the judgment, stating the court wherein and the time when rendered," etc. As we have already shown, the execution in the present case does not correctly describe the judgment upon which it is claimed it was issued, either as to its date or amount. While it is settled by the weight of authority that mere inadequacy of price of itself is not sufficient to set aside a sheriff's sale otherwise valid, it is equally as well settled that gross inadequacy of price in connection with slight additional facts showing irregularities, or other circumstances calculated to prevent the property from bringing something like its reasonable value, might be cause for avoiding the sale. Pearson v. Flanagan, 52 Tex. 266, at page 280; Guy v. Edmundson (Tex. Civ. App.) 135 S. W. 615; Sykes v. Speer (Tex. Civ. App.) 112 S. W. 422; House v. Robertson, 89 Tex. 681, 36 S. W. 251; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820.

In House v. Robertson, 89 Tex. at page 687 (36 S. W. 252), it is said:

"It is true that inadequacy of price alone is not as a rule a sufficient reason for avoiding the sheriff's sale made under a valid judgment and execution, but, when the price paid for the land at such sale is enormously inadequate and disproportioned to the value of the land sold, slight irregularities will be sufficient to justify setting the sale aside by a direct proceeding for that purpose."

In Guy v. Edmundson, supra, it is said:

"While it is well settled that inadequacy of price is not in itself a sufficient ground for avoiding an execution sale, it is equally well settled that, if in addition to such inadequacy there is any circumstance, accident, or occurrence in relation to the sale of a character tending to cause such inadequacy, the sale should be set aside.

"In Chamblee v. Tarbox, 27 Tex. 146, 84 Am. Dec. 614, the Supreme Court holds that if there are circumstances attending the sale which may have operated to prevent the property from bringing a higher price, although the purchaser may not have known of such circumstances, if the price paid by the purchaser is grossly inadequate, the sale will be regarded as legally fraudulent."

In Irvin v. Ferguson, supra, the court said that:

"Purchasers are charged with notice of every defect in an execution which appears upon its face or is developed by examination of the judgment on which it is based; and when from these sources they are advised of such irregularities as are calculated to cause property to sell for less than its value they cannot complain if for inadequacy of price presumably induced by such defects a court on application of the owner made in proper time and manner vacates the sale."

In that case the court also said:

"It is of great importance that persons desiring to purchase at execution sales shall have means to determine the validity of the writ which is the authority to make the sale, and that they may have this the statute declares what facts shall be stated in the execution for the identification of the judgment as well as for some other purposes; all of which tends to make property sell for a fair price by enabling persons desiring to purchase to ascertain whether the writ is founded on a valid judgment authorizing its issuance. Such noncompliances with the statute may be deemed only irregularities, but they are such as may well excite doubt in the minds of persons desiring to purchase as to the validity of the process; and if from such description as may be given no judgment corresponding in all respects can be found, then doubt will be greatly increased; all of which tends to the injury of both debtor and creditor, and will inure, if sustained when property does not sell for a fair price, to the benefit of such persons as may be willing to speculate upon the validity of process not in the form prescribed by law."

It is unnecessary, we think, to pursue this discussion further. What we have said sufficiently disposes of all of the appellant's propositions.

The pleadings of the plaintiff and the facts found by the trial court, which we have set out herein, and which are not challenged, are

amply sufficient upon which to base the judgment rendered.

The judgment is affirmed.

Affirmed.