## SCHLITTLER v. KING.

No. 13094.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 1, 1935.

Rehearing Denied March 15, 1935.

Wm. R. Watkins, of Fort Worth, for appellant.

Bert King, of Wichita Falls, and Marshall & King, of Graham, for appellee.

LATTIMORE, Justice.

This is an appeal from an order overruling a motion to set aside a foreclosure sale and an execution sale. The judgment was by default for debt and foreclosure. The order of sale was issued in March, 1933, but under the various 30-day moratorium statutes, passed by the 43d Legislature, the sales were postponed until June. The security, being real estate, did not bring the amount of the debt, and execution was levied for the deficiency on certain other real estate.

■ The notices of the sale were posted in three places in the county rather than advertised in the newspaper because the constable was unable to procure same to be advertised in a newspaper for $5, as provided by article 3808, R. S. Appellant contends that chapter 161, Acts of the 39th Legislature (Vernon's Ann. Civ. St. art. 29a), controls the provisions of article 3808, which latter article fixes the maximum fee for newspaper publication of notices of sale at $5. Chapter 161 is clumsily worded, but as best we can construe it, appellant's contention is correct. Chapter 161 names the publications intended to be covered by its provisions and includes those publications required to be made by any "officer" of any county. It further says that publications made under article 3757 are included. This, at the passage of said chapter 161, was the number of the now article 3808. By those provisions of chapter 161 the maximum charge for publication is that which is the lowest rate accorded classified advertisers. While chapter 161 does not in terms command such method of giving notice of a sale of real estate, it seems to us that same should be read into article 3808, resulting in the requirement that newspaper notice be given unless same cannot be obtained at the lowest classified advertising rate.

■ The posted sale was for April 4, 1933. It was postponed to May 2, 1933, in obedience to the first moratorium law (Acts 1933, c. 17 [Vernon's Ann. Civ. St. art. 3804 note]). The second thirty-day moratorium law was signed by the Governor on that day. House Bill No. 914, Acts of the 43rd Legislature, 1933, c. 105 (Vernon's Ann. Civ. St. art. 3804 note). Attorneys for appellant agreed with appellee that the sale be postponed to June in obedience to and under the terms of that statute. We think that such agreement estops the appellant from asserting the want of new notices of the June sale, which were by that moratorium declared to be unnecessary. However, it does not appear that the matter of the insufficiency of the notices for the May sale, because not advertised in a newspaper, was mentioned or in contemplation, and hence we hold that there is no estoppel against appellant to claim that the notices of the sale were not advertised as required by law. If the sale under foreclosure was only under posted notices when the law required newspaper advertising of same, then the sale must be set aside on the timely request of the defendant. Guy v. Edmundson (Tex. Civ. App.) 135 S. W. 615; Selkirk v. Selkirk (Tex. Civ. App.) 297 S. W. 578; Bean v. City of Brownwood, 91 Tex. 684, 45 S. W. 897.

■ We overrule the assignment that the pendency of another suit by appellee in trespass to try title against this appellant and others for the same and other land chilled the bidding. The briefs do not point out where we may find the evidence of facts involved in that other suit, and we have not by our independent search of the record been able to find the pleadings or evidence concerning their content. The suit may or may

**548**

not have been justified. We cannot say, as a matter of law, that any such suit was fatal to this sale. Moreover, the motion to set aside the foreclosure sale does not plead any such objection to the sale.

■ Upon the deficiency resulting from the foreclosure sale, appellee had issued an execution which was levied upon various pieces of real estate in Young county. The notices were posted and not sought to be advertised in the newspapers, and the sale was made on the first Tuesday in July, 1933.

What we have said above relating to the foreclosure sale applies with equal force to the execution sale. It is further urged that, since the foreclosure sale was invalid, there was no ascertained deficiency. Bailey v. Block, 104 Tex. 101, 134 S. W. 323. Appellee had made the affidavit prescribed by article 3774, R. S., that the defendant was secreting his property to defraud his creditors, which authorizes execution forthwith. There are expressions in Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585, which suggest that the levy was proper in such a case, but that the sale should not take place until after a valid sale under foreclosure and the deficiency thereby ascertained. However, it is not necessary for us to decide this question in view of the insufficiency of the notices of sale.

The judgment of the trial court overruling the motions to set aside the two sales is reversed, and the cause is remanded.